R. E. HAMMONDS, H. H. HAMMONDS, R. L. HAMMONDS, E. W. HAMMONDS, VIRGIL HAMMONDS, BERTHA HAMMONDS SHERWOOD, and BLANCHE HAMMONDS SATTERFIELD, Appellants, v. LULA HAMMONDS, ALBERT C. SHUMWAY, FLORENCE SHUMWAY, ALBERT C. SHUMWAY, JR., and MARGIE SHUMWAY, Respondents, No. 43671 —263 S. W. (2d) 348.

Division Two, January 11, 1954.

518

*J. Grant Frye* for appellant.

*William B. Sharp* and *Robert A. Dempster* for respondents.

 WESTHUES, C.—Plaintiffs filed this suit to contest the last will and testament of Josiah M. Hammonds, deceased. The Circuit Court of Scott County, Missouri, on motion of defendants, proponents of the will, dismissed plaintiffs' petition on the ground that a final judgment had been entered in the case unappealed from and, therefore, decreed that the judgment was res adjudicata of the issues presented by the pleadings. This was a final judgment disposing of the case from which an appeal was authorized. Plaintiffs, the contestants, appealed to the Springfield Court of Appeals. That court reversed and remanded the case, with two of the judges concurring in the reversal and remand, and one judge dissenting. The case was transferred to this court. See Hammonds v. Hammonds, 255 S.W. (2d) 149.

 The parties, pursuant to Sec. 512.120, RSMo 1949, VAMS, submitted the case to the court of appeals on what they called an agreed statement in lieu of a full transcript. Briefs were filed. No additional matters were filed in this court. This alleged statement consists merely of the record entries pertaining to the case. That is not a compliance with Sec. 512.120, supra. The record entries show that a petition was filed in the Circuit Court of Duncan County, Missouri, on December 3, 1949; that an answer was filed on April 27, 1950; that thereafter, on October 9, 1950, on application for a change of venue, the case was transferred to the Circuit Court of Carter County, Missouri. On December 4, 1950, the Circuit Court of Carter County, on joint motions of the parties, ordered a separate trial of counts I and II of the petition. The agreed statement of the record shows that a trial was had on count I and a jury returned a verdict finding that the purported will was not the last will and testament of Josiah M. Hammonds. On December 11, 1950, a motion for new trial was filed wherein one of the proponents of the will asked the court to set aside the verdict of the jury on count I of the petition and grant a new trial. On February 23, 1951, the court entered the following order:

"February 23, 1951, amended answer to Count No. 2 filed by defendants named therein. Hearing on motion for new trial before the court. Motion sustained for reasons Court finds that

there was insufficient evidence offered to show testator was of such mental capacity as would preclude drawing of Will or that he was subjected to such undue influence as would invalidate the Will.

"The Court further finds that the Will in question to be the last Will and Testament of J. M. Hammonds deceased."

No appeal was taken from that order or judgment. On October 29, 1951, the case, on application for change of venue of contestants, was transferred to the Circuit Court of Scott County, Missouri. On April 14, 1952, the defendants (proponents of the will) filed a motion to dismiss the case on the ground that the Circuit Court of Carter County, on February 23, 1951, had entered a judgment finding that the purported will was the last will and testament of Josiah M. Hammonds, deceased. That is the order above set forth. On May 15, 1952, the Circuit Court of Scott County sustained the motion to dismiss on the ground of res adjudicata. As above-noted, the case was then appealed to the Springfield Court of Appeals.

The record shows further that at the close of the evidence, when the case was tried in Carter County, the defendants filed a motion for a directed verdict on the ground that the evidence failed to show undue influence. The question of mental incapacity was not presented to the court. However, the proponents did not file an after trial motion for a directed verdict. The contestants, in the Springfield Court of Appeals, contended that the trial court had no power to enter a judgment upholding the will after a jury had found in favor of the contestants; that under Sec. 468.290, RSMo. 1949, VAMS, the court could grant an appeal or grant a new trial but could not enter such a judgment. Sec. 468.590 of Chapter 468, pertaining to wills, reads as follows:

"Effect of verdict of jury and judgment of the court.

"The verdict of jury or the finding and judgment of the court shall be final, saving to the court the right of granting a new trial, as in other cases, and to either party an appeal, in matters of law, to the supreme court, or to the St. Louis, Springfield and Kansas City courts of appeal."

Judges Blair and Vandeventer held that, under the above-quoted section, the court had no power to enter a judgment. Judge McDowell dissented, holding that under Supreme Court Rule 3.02(a) and Sec. 510.290, RSMo. 1949, VAMS, the trial court, after overruling the motion for a directed verdict at the close of the evidence, had the right to reconsider the motion for a directed verdict after the verdict had been returned and to enter a judgment as requested in the motion.

Judge Vandeventer, in his concurring opinion, cited another reason that the judgment should be reversed and the case remanded: that one of the counts of the petition was still pending, undisposed of, and, therefore, no final judgment could have been entered. To this we

agree. The record entries made on February 23, 1951, in the Circuit Court of Carter County, affirmatively show that count II was pending when the judgment was entered.

In those circumstances, the Circuit Court of Carter County was powerless to enter a final judgment upholding the will. It had no power to decide the issue presented by count II of the petition which had not been tried. The two counts of the petition sought but one and the same result, the setting aside of the will. Plaintiffs and defendants agreed by their joint request to try the counts separately. We are at a loss to understand on what theory or ground a trial court should permit, even by consent of all parties, separate trials in a will contest on the issues of undue influence and mental incapacity. The purpose of Sec. 510.180, RSMo. 1949, VAMS, is to reduce rather than increase the number of trials. Only one final judgment could be entered in this case either upholding the will or setting it aside. 49 C.J.S. 184, Sec. 65; Weir v. Brune, No. 43742, 364 Mo. 415, 262 S. W. (2d) 597, and Weir v. Brune, Mo., 256 S.W. (2d) 810; Springfield Gas & Electric Co. v. Fraternity Bldg. Co., Mo. App., 264 S.W. 429, l.c. 431 (2-4).

▮ Neither plaintiffs nor defendants in their briefs made any mention of the fact that the petition was in two counts and that one count was still pending when the Carter County Circuit Court entered a judgment on February 23, 1951. Nor did any brief refer to the grounds on which the will was contested. The record as presented to us here shows that the judgment of the Circuit Court of Carter County was void. Jaeger v. Agnew, Mo. App., 252 S.W. (2d) 847, l.c. 849, 850 (3). The only effect of the order was the granting of a new trial on count I of the petition which had been tried. A final appealable judgment could not have been properly entered. It was entered, however, by the Scott County Circuit Court and the only remedy contestants had was by an appeal from that judgment dismissing the petition. In such circumstances, it is this court's duty to determine the question even though not presented by the briefs. Deeds v. Foster, Mo., 235 S. W. (2d) 262, l.c. 265, (1, 2) (3) (4); Bennett v. Wood, Mo., 239 S.W. (2d) 325; Sec. 512.020, RSMo. 1949, VAMS.

▮ Our ruling makes it unnecessary for us to determine the question of whether the Carter County Circuit Court could have, after the verdict, reconsidered the motion for directed verdict offered at the close of the evidence.

Under the record as presented by the parties, the judgment of the Scott County Circuit Court must be reversed and the cause remanded for trial.

It is so ordered. *Bohling* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.