Peter G. DOUGLAS, Appellant,

v.

William W. THOMPSON, D.O., and Osteopathic Hospital, Respondents.

No. 44922.

Supreme Court of Missouri.

Division No. 1.

Feb. 13, 1956.

Elwyn L. Cady, Jr., Columbia, Richard L. Moore, Kansas City, for appellant.

Sam Mandell, of Popham, Thompson, Popham, Mandell & Trusty, Kansas City,, for respondent William W. Thompson.

Hilary Bush, of Johnson, Lucas, Bush & Gibson, Kansas City, for respondent Osteopathic Hospital.

HYDE, Judge.

Plaintiff's petition for $60,000 damages for personal injuries was dismissed without prejudice upon motion of defendant Thompson; and plaintiff has appealed.

The ground stated for dismissal was that the petition "fails to comply with the rules of court in that plaintiff's address is not stated therein." Defendant says this is not an appealable judgment, citing White v. Sievers, 359 Mo. 145, 221 S.W.2d 118, 123; and Sec. 512.020 (Statutory references are to RSMo and V.A. M.S.) However, this judgment of dismissal of plaintiff's action is very different from the dismissals of the various petitions in the White case. As therein pointed out, those orders allowed time for further pleading and thus amounted to "a dismissal of the petition only and not of the action." (Moreover, there was a counterclaim which "remained undisposed of" preventing the judgment from being a final judgment.) Furthermore, we did state, 221 S.W.2d loc. cit. 123, in the White case: "When the court dismisses plaintiff's action, the order of dismissal is ordinarily a final, appealable judgment." (See also Richards Brick Co. v. Wright, 231 Mo.App. 946, 82 S.W. 2d 274, 277; Iron Mountain Bank v. Armstrong, 92 Mo. 265, 4 S.W. 720; Fenton v. Thompson, 352 Mo. 199, 176 S.W.2d 456; Hammonds v. Hammonds, 364 Mo. 517, 263 S.W.2d 348; 2 Am.Jur. 897, Sec. 80; 4 C.J.S., Appeal and Error, § 97, p. 194, § 121, p. 237.) In the Wright case, 82 S.W. 2d, loc. cit. 277, it was said: "Conceding that the order did not necessarily purport to be a final determination of the controversy between the parties, it was a final determination of that particular case, exhaustive of the court's jurisdiction therein; and so it must be held to have constituted a final judgment from which an appeal would lie." We have just held, in Healy v. Atchison, Topeka & Santa Fe R. Co., Mo.Sup., 287 S.W.2d 813, that even a judgment of dismissal without prejudice may be res judicata of what is actually decided by it. Thus there may be cases in which it is essential to appeal from such a judgment to prevent loss of rights. We, therefore, hold the judgment herein was a final judgment from which plaintiff had the right to appeal.

Plaintiff cites California cases holding that the statement of the attorney's address is substantial compliance with a statute requiring a claimant against a municipality to state his address in the claim served on the municipality; such as Anderson v. County of San Joaquin, 97 Cal.App. 2d 330, 217 P.2d 479; Holm v. City of San Diego, 35 Cal.2d 399, 217 P.2d 972; Cameron v. City of Gilroy, 104 Cal.App.2d 76, 230 P.2d 838. There is nothing in the record before us to show whether or not that was done in this case but in any event the rule herein involved is not in the record so we

do not know all of its provisions or purposes. Thus we cannot say that the Court was wrong in deciding that dismissal was proper under the circumstances of this case.

 Plaintiff also says that a circuit court rule requiring his address on the petition would be contrary to the Civil Code and void, citing Puckett v. Swift & Co., Mo.App., 229 S.W.2d 713. However, in that case a circuit court rule was found to be in direct conflict with Code provisions so as to deprive a litigant of a right given by law. Supreme Court Rule 3.05(b) provides: "As heretofore, trial courts may make rules governing the administration of judicial business if the rules are not contrary to the Civil Code or to the rules of the Supreme Court." We cannot say this rule requiring the plaintiff's address conflicts with the Code or is an unreasonable requirement for large cities, where it could have an important purpose to facilitate investigations and the use of the discovery procedure of the Code. The Code itself, in Sec. 506.130 requires the address of the plaintiff in the summons if he does not have an attorney. The additional requirement of the Circuit Court rule for the plaintiff's address also (even if he has an attorney) is one which is not unreasonable, burdensome or difficult to comply with; and we hold the Court could properly make it under authority of Rule 3.05(b). Plaintiff also says the court should not have dismissed the case but should have permitted him to amend. However, there is nothing in the record to show that plaintiff asked leave to amend, or was willing to amend, so there is nothing before us to show any error or abuse of discretion in this respect.

Since the case was dismissed without prejudice, plaintiff has the right under Sec. 516.230 to commence a new action within one year from the time of the judgment of dismissal. This section is "a saving clause to prevent the bar [of limitations] which otherwise would be applicable". Kline v. Groeschner, 280 Mo. 599, 219 S.W. 648, 651; see also Seewald v. Gentry, 220 Mo. App. 367, 286 S.W. 445, 455. This saving statute applies to dismissals such as this, tolls the statute of limitations and permits another action to be brought for the same purpose within one year thereafter. Scanlon v. Kansas City, 325 Mo. 125, 28 S.W.2d 84; Turner v. Missouri-Kansas-Texas R. Co., 346 Mo. 28, 142 S.W.2d 455, 129 A. L.R. 829; Bindley v. Metropolitan Life Ins. Co., 358 Mo. 31, 213 S.W.2d 387; Crispin v. St. Louis Public Service Co., 361 Mo. 866, 237 S.W.2d 153. If plaintiff sees fit to commence a new action, he will have the desired opportunity to comply with this court rule.

The judgment of dismissal without prejudice is affirmed.

All concur.