**Annabelle MARTIN, Plaintiff-Appellant,**

v.

**Vincent MOODY, Defendant-Respondent.**

**No. 38431.**

Missouri Court of Appeals,
St. Louis District,
Division Three.

Oct. 18, 1977.

Motion for Rehearing and/or Transfer
Denied Nov. 14, 1977.

Melba I. Parente, St. Louis, for plaintiff-appellant.

Steven G. Schumaier, Carter, Brinker, Doyen & Kovacs, Clayton, for defendant-respondent.

PER CURIAM.

This is an appeal from the judgment of the Circuit Court of St. Louis County dismissing Counts II and III of plaintiff-appellant's petition and striking paragraphs 11 of Count I and 5 of Count II and III of plaintiff-appellant's petition. By a separate Order, the order sustaining defendant-respondent's Motion to Dismiss and Strike was made a final order for the purpose of appeal. This appeal followed.

A "Statement and Stipulation of the Record" was filed by the parties in lieu of the customary transcript of the record consisting of certified copies of the petition, the Summons and Return on Service of Summons, defendant-respondent's Answer, Motion to Dismiss and to Strike, Notice of Hearing, Court memoranda of filing of

same, that said Motions were argued and submitted, of the trial court's ruling on said Motions, of designations of rulings on said Motions as a final order of appeal, Jurisdictional Statement, and Notice of Appeal to this court.

Plaintiff-appellant's brief in this court is in violation of Rule 84.04 in the following respects:

1) plaintiff-appellant has failed o submit an indexed and paginated transcript as required by Rule 81.14(d), and

2) plaintiff-appellant has failed to furnish a statement of facts which complies with the requirements of Rule 84.04(c). The statement of facts contained in her brief is nothing more than a recitation of the procedural history of the case and a statement that the paragraphs ordered stricken from the petition contained plaintiff's claim for damages for "emotional distress."

3) Furthermore, plaintiff-appellant's brief contains no page references to the transcript as required by Rule 84.04(h).

For these reasons, by authority of Rule 84.08, plaintiff-appellant's appeal is dismissed for failure to comply with rules 81.-14(d) and 84.04(c) and 84.04(h).

All judges concur.