Luvenia **FRANKLIN** et al.,
**Plaintiffs-Appellants,**

v.

Steven **ROBARDS,**
**Defendant-Respondent.**

No. 37796.

Missouri Court of Appeals,
St. Louis District,
Special Division.

Feb. 14, 1978.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 10, 1978.

Whitfield, Montgomery & Walton, Harold L. Whitfield, St. Louis, for plaintiffs-appellants.

Godfrey, Vandover & Burns, James E. Godfrey, St. Louis, for defendant-respondent.

WILLIAM M. CORRIGAN, Special Judge.

This is an appeal from the judgment of the Circuit Court of St. Louis rendered upon a jury verdict in favor of the defendant and against both plaintiffs. This case arose out of a collision between defendant's automobile and pedestrian-plaintiff Luvenia Franklin. No further recitation of the facts is necessary since appellants' brief is so grossly defective their appeal must be dismissed.

Appellants' three paragraph statement of facts is nothing more than a half-hearted restatement of their petition totally lacking in any factual recitation. No effort was made by appellants to present a fair and concise statement of facts in accordance with Rule 84.04(c). Violation of said Rule in this case is so glaring that dismissal on this basis alone would be warranted. *Donnel v. Vigus Quarries, Inc.*, 489 S.W.2d 223, 225 (Mo.App.1972) and *Martin v. Moody*, 558 S.W.2d 362 (Mo.App.1977).

Appellants' "Points Relied On" are equally violative of Rule 84.04(d) because they fail to illustrate any reasons why the court's rulings or actions were erroneous. For example, Point I claims that "The Missouri Humanitarian Doctrine applied where Luvenia Franklin was struck by defendant's automobile while she was crossing Hampton Avenue from East to West. Thus, trial court erred in not granting plaintiff a new trial." In conformity with plaintiffs' request, the trial court gave Instructions Numbers 5 and 6 submitting defendant's humanitarian negligence. The jury, by its verdict, rejected plaintiffs' theory. Point I neither isolates nor formulates any precise issues for this court to review but rather is merely a bald assertion of error all of which is in noncompliance with Rule 84.04(d). *State v. Redd*, 550 S.W.2d 604, 607[4] (Mo.App.1977); *State v. Gomillia*, 529 S.W.2d 892, 895[3] (Mo.App.1975); and *State v. Starkey*, 536 S.W.2d 858, 865[7] (Mo.App.1976). The other two points relied upon by appellants are similarly defective and merit no further discussion.

In addition thereto, in Point II appellants fail to supply any citations of authority supportive of their position, and in Point III, appellants charge the jury with considering matters outside the evidentiary record but fail to furnish this Court with the affidavits referred to in their Motion For New Trial which allegedly support this contention. Such obvious omissions further render this appeal defective on its face. *State v. Schulten*, 529 S.W.2d 432, 434 (Mo. App.1975).

In summary, this Court has often said that an appellant's brief need not be technically perfect but it must absolutely identify with clarity the errors of the trial court. Further, the Court must be notified of the principle of law appellant considers controlling, and how the trial court has failed to follow that law or has misconstrued the facts. *State ex rel. Mayfield v. City of Joplin*, 485 S.W.2d 473, 475[3] (Mo. App.1972).

It is not the duty of this Court to search through the argument and the record to find potential errors. Nor is it the responsibility of this Court to act as appellants' advocate.

For these reasons appellants' appeal is dismissed for failure to comply with Rule 84.04(c) and (d).

CLEMENS, P. J., DOWD and SMITH, JJ., and JAMES RUDDY, Special Judge, concur.