**STATE of Missouri, Respondent,**

v.

**Donald Eugene BOLINGER, Appellant.**

**No. 40124.**

Missouri Court of Appeals,
Eastern District,
Division Three.

April 10, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 18, 1979.

Application to Transfer Denied
June 19, 1979.

Melvin G. Franke, Public Defender, Union, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto and Richard Thurman, Asst. Attys. Gen., Jefferson City, for respondent.

CLEMENS, Judge.

The trial court, with a jury having been waived, found defendant Donald E. Bolinger guilty of rape, two counts of armed robbery and impermissive use of a motor vehicle. Defendant has appealed the judgment imposing terms of life imprisonment for rape, two ten-year terms for the robberies and five years for the motor vehicle offense, all to run concurrently.

On appeal, by his first point relied on defendant challenges the sufficiency of the evidence. We recite the state's evidence which came from the two victims, hereafter referred to as K. and D. The two young women and their infant children were driving east when defendant, driving behind, signaled them to stop. They did so, thinking he had noticed something wrong with their car. Defendant approached with gun in hand, forcibly entered their car and either then or later robbed each of their money. Still holding his weapon defendant forced K. into the rear seat. While D. drove on side roads as defendant directed, K. partially disrobed and submitted to sexual intercourse, all under defendant's armed threats. He then forced the women out of their car and drove off.

On cross examination K. said she had once before seen defendant at D.'s home. On D.'s cross examination she was impeached on insignificant details by her preliminary hearing testimony. She testified she knew defendant through a distant family kin, but denied any other relationship with him.

Defendant offered the testimony of police officers concerning the victims' inconsistent statements as to when defendant drew his gun and whether they had known him. However, the essential elements of the victims' testimony concerning the charged offenses were not refuted by the victims' statements to the officers.

Testifying for himself, defendant denied each charged offense; testified he had had an affair with D. and was talking with her about "breaking off." He said he had been to three bars just before stopping their car and was intoxicated. He acknowledged that in the car he had fired his pistol accidentally and wounded his foot, that after this D. had given him permission to drive off in her car.

The trial court denied defendant's motions for acquittal. After holding the case under advisement, the court found the state's evidence more credible than defendant's, found him guilty on each count and rendered judgment.

Defendant argues the improbability of the victims' testimony and the conclusory contention that his foot wound made sexual intercourse unlikely. These are "jury arguments" and fall away in view of the trial court's findings of guilt.

In a jury-waived case the trial court's findings of guilt have the same force

as a jury verdict. Rule 26.01(b), VAMR. And, in determining submissibility we view the evidence favorably to the state and reject defendant's evidence to the contrary. *State v. Gamache,* 519 S.W.2d 34[1] (Mo. App.1975). So considering the evidence, we deny defendant's contention that the evidence was insufficient to warrant the judgment.

■ By his other point relied on defendant challenges the imposition of life imprisonment for rape. The statute on rape (§ 559.260, VAMR) sets no maximum punishment and absent such limitation, the imposition of life imprisonment is permissible. Section 546.490, VAMR. There is no "excess punishment" when the sentence, as here, is within the permissible range. *State v. Phillips,* 480 S.W.2d 836[4] (Mo.1972).

Judgment affirmed.

REINHARD, P. J., and GUNN, J., concur.