**Donald Eugene BOLINGER, Movant,**

v.

**STATE of Missouri, Respondent.**

**No. 49302.**

Missouri Court of Appeals,
Eastern District,
Division Six.

Nov. 19, 1985.

Motion for Rehearing and/or Transfer
Denied Dec. 23, 1985.

Application to Transfer Denied
Feb. 18, 1986.

F. Joe DeLong, III, Jefferson City, for movant.

William L. Webster, Atty. Gen., Leah Murray, Asst. Atty. Gen., Jefferson City, for respondent.

CARL R. GAERTNER, Judge.

Appellant seeks to vacate under Rule 27.26 the sentences imposed after his convictions in a jury-waived trial of two counts of armed robbery, rape, and operating an automobile without the owner's consent.

On direct appeal this court affirmed these convictions and the facts relating to these crimes are set forth in *State v. Bolinger*, 581 S.W.2d 432 (Mo.App.1979). Briefly, appellant, with gun in hand, forced his way into an automobile occupied by two young women and their infant children. At gunpoint, he robbed each of them of money and raped one of them. He then forced them out of the car and drove off.

We have not been furnished with the several stipulations entered into by the parties at the evidentiary hearing on this motion, but we glean the following facts from the record before us. The crimes were committed on November 1, 1974. Thereafter, plea negotiations were conducted between appellant's attorney and the prosecuting attorney. An agreement was reached that in return for a plea of guilty to the single charge of armed robbery of a motor vehicle, the prosecutor would not file any other charges. Pursuant to this agreement the single charge was filed. On December 5, 1974, at arraignment on this

charge, appellant did plead guilty. The prosecuting attorney recommended a 50 year sentence but the court sentenced him to 30 years. On October 2, 1975, appellant filed a motion to set aside this conviction under Rule 27.26. The Honorable Lawrence O. Davis, after an evidentiary hearing, found that appellant's guilty plea was not voluntarily made in that it was based upon a "misconception" that he would receive a light sentence. The motion to vacate was sustained. On April 21, 1977, four new charges arising out of the events of November 1, 1974, were filed against appellant: two counts of armed robbery,[1] one count of rape and one count of operating a motor vehicle without the owner's consent. Appellant waived a trial by jury and the case was tried before Judge Davis. He found appellant guilty on all counts and sentenced him to ten years' imprisonment on each robbery count, life imprisonment on the rape count and five years' imprisonment on the motor vehicle count. The ten year sentences were ordered to be served concurrently with each other and the life sentence. The five year sentence was consecutive to the ten year sentences, but concurrent with the life sentence; in other words, a total sentence of 15 years concurrent with life imprisonment.

■ After an unsuccessful direct appeal, appellant filed this motion under Rule 27.26 asserting a violation of his right to due process under the 5th and 14th Amendments to the United States Constitution. His claim is predicated upon the doctrine enunciated in *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) wherein it was held that due process "requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial." 395 U.S. at 725, 89 S.Ct. at 2080. *Pearce*, however, does not establish an absolute

rule against the imposition of a more severe punishment after a second conviction, provided the sentencing judge possesses additional information upon which to base the different sentence. "Such information may come to the judge's attention from evidence adduced at the second trial itself, from a new pre-sentence investigation, from the defendant's prison record, or possibly from other sources." 395 U.S. at 723, 89 S.Ct. at 2079.

■ Because the totality of the sentences imposed on the two armed robbery and the motor vehicles counts, 15 years, is less than the 30 year sentence originally imposed on the motor vehicle robbery charge, we are dubious about the relevancy of the *Pearce* rule against judicial vindictiveness as reflected by increased punishment for the same offense. Nevertheless, the parties stipulated that Judge Davis stated he imposed the sentence of life imprisonment because of the evidence adduced at the trial. Additionally, he had the benefit of a pre-sentence investigation in determining the appropriate sentence. Judge Tate, who accepted the guilty plea and sentenced appellant on the single charge of robbery of the motor vehicle, had no pre-sentence investigation as the guilty plea was entered and sentence imposed at the time of arraignment. On the basis of the record before us, we are not able to determine whether Judge Tate was even advised of the rape and the robbery of money from both victims, nor of any of the details of the ordeal to which they were subjected. In his finding of facts the judge who conducted the evidentiary hearing on the instant motion specifically noted that "the original judge had very little information in front of him on which to base his opinion as to the sentence." The additional information furnished to Judge Davis as a result of the victim's testimony at trial, as well as the pre-sentence investigation, obvi-

---

**1.** It appears the armed robbery counts were based upon the taking of money from the two victims by means of a dangerous and deadly weapon, whereas the original charge was based upon the theft of the motor vehicle.

ously satisfies the above-mentioned exception to the *Pearce* rule. Moreover, the fact that the trial judge was the same judge who granted appellant's relief in his first 27.26 motion, dispels any notion that the sentences imposed could have been based upon "unarticulated resentment at having been reversed on appeal, or his subjective institutional interest in discouraging meritless appeals." *See Michigan v. Payne,* 412 U.S. 47, 53, 93 S.Ct. 1966, 1969, 36 L.Ed.2d 736, 743 (1973).

■ Perhaps closer to, but still missing the mark, is appellant's assertion that the institution of the four charges after the vacation of his first sentence was motivated by "prosecutorial vindictiveness." In *Blackledge v. Perry,* 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974) the prophylactic rule of *Pearce* was applied to prohibit a prosecutor from reindicting a convicted misdemeanant on a felony charge after the defendant had invoked his right of appeal from the misdemeanor conviction because of the realistic likelihood of vindictive motivation. Later decisions, however, have refused to apply the *Blackledge* doctrine to situations in which a defendant has refused to accept or has withdrawn from a negotiated plea bargain. In *Bordenkircher v. Hayes,* 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978) the Supreme Court found no impermissible vindictiveness on the part of a prosecutor who, after a defendant refused to plead guilty to a less severe charge, carried out his threat to enhance the charge. Underlying this determination was the acknowledgment that by tolerating and encouraging the negotiation of guilty pleas, the Court was imposing upon defendants a difficult choice which may well have a discouraging effect upon the exercise of the constitutional right to a trial by jury. 434 U.S. at 364, 98 S.Ct. at 668, 54 L.Ed.2d at 611. Nevertheless, the Court ruled that the exercise of prosecutorial selectivity in determining what charges to file was a permissible exercise of discretion and not a constitutional

violation unless based upon some unjustifiable standard such as race, religion or other arbitrary standard. 434 U.S. at 364–65, 98 S.Ct. at 668–69, 54 L.Ed.2d at 611. The retaliatory vindictiveness proscribed by *Blackledge* does not arise in the "give and take" atmosphere of plea bargaining where the accused, with the advice of competent counsel and other procedural safeguards, is free to accept or reject the prosecutor's offer. 434 U.S. at 363, 98 S.Ct. at 667, 54 L.Ed.2d at 610–611.

■ Similarly, we find no indication of prosecutorial vindictiveness in this case where the prosecutor followed a course of action that was available prior to the agreement to file but a single charge in return for appellant's guilty plea. By moving to set aside his plea of guilty to the original charge of armed robbery, appellant withdrew from his bargain. He obtained a promise from the prosecutor to refrain from filing all other felony charges which could have been filed in return for the guilty plea to the single charge. He may not unilaterally withdraw from his part of the bargain and at the same time retain the benefit of the bargain. By setting aside his guilty plea, appellant unilaterally abrogated the agreement causing a reversion to the pre-plea bargain situation. He is in no position to insist upon compliance by the prosecuting attorney with the agreement not to file additional charges. *See Stokes v. State,* 671 S.W.2d 822, 824 (Mo.App. 1984).

In conclusion, since appellant did not receive a greater sentence than that originally imposed for the same offense, he has not shown a violation of the *Pearce* rule. Further, the detailed evidence of the two robberies and the rape which was heard by the trial judge but not by the guilty plea judge, constitutes the affirmative appearance of objective information warranting a difference in the sentence imposed, even if the *Pearce* rule were applicable. Finally, appellant's withdrawal from his guilty plea justified the prosecuting attorney's filing

charges he could have filed originally had it not been for the plea bargain.

Affirmed.

CRIST, P.J., and KAROHL, J., concurs.