**Rory D. NITCHER, and Dwayne Walker, Relators,**

v.

**Honorable Thomas J. BROWN, III, Respondent.**

Nos. WD 41054, WD 41124.

Missouri Court of Appeals, Western District.

Aug. 1, 1989.

Rory Nitcher, Jefferson City, pro se.

Dwayne Walker, Pacific, pro se.

William L. Webster, Atty. Gen., Kelly S. Mescher, Jon Kaltenbronn, Asst. Attys. Gen., Jefferson City, for respondent.

Before NUGENT, C.J., and SHANGLER and LOWENSTEIN, JJ.

NUGENT, Chief Judge.

Relators Rory S. Nitcher and Dwayne Walker seek writs of mandamus compelling respondent Honorable Thomas J. Brown, III, an associate circuit judge of Cole County, to process their notices of appeal. Respondent contends that he properly ordered his clerk not to file the notices because no final judgments existed from which the relators could appeal. We issued our preliminary writs and now make those writs absolute.

Mr. Nitcher, a prisoner at the Missouri State Penitentiary, filed a pro se complaint alleging negligence on the part of particular prison officials. Judge Brown originally granted Mr. Nitcher leave to proceed in forma pauperis. After further review, the judge dismissed the petition finding it frivolous or malicious in that, as pleaded, plain-tiff could prove no set of facts entitling him to relief against any of named defendants. At that time, the judge also withdrew Mr. Nitcher's leave to proceed further as a pauper.

Mr. Nitcher prepared a notice of his intent to appeal from that decision. Judge Brown directed the circuit clerk not to file the notice of appeal. In a letter to Mr. Nitcher, the judge explained his action: because no final judgment existed, no appeal lies.

Relator Walker, an inmate at the Missouri Eastern Correctional Center, faces similar circumstances. His petition in replevin sought the return of a television set or damages for its loss. Judge Brown found the complaint frivolous, withdrew relator Walker's leave to proceed as a pauper, dismissed his petition, and refused to process his notice of appeal.

In separate petitions in mandamus, the relators sought to compel Judge Brown to process their notices of appeal. We issued preliminary orders in mandamus to which Judge Brown responded, denying the existence of a present right for either relator to appeal. Because of their similarity, we consolidated the cases for briefing and for further consideration.

Judge Brown relies primarily on his contention that the dismissal of an in forma pauperis petition, based on the court's finding that it is frivolous, does not amount to a final judgment from which an appeal will lie. He argues in the alternative that the decision to dismiss a frivolous petition entails an exercise of judicial discretion, and is, therefore, unreviewable in mandamus. Each argument invokes principles we discussed in our earlier decision, *State ex rel. Coats v. Lewis*, 689 S.W.2d 800 (Mo.App. 1985).

In *Coats*, we explained the two-step process that a court must employ to determine a plaintiff's ability to proceed in forma pauperis under § 514.040.[1] First, the court

---

1. Unless otherwise noted, all sectional references are to Revised Statutes of Missouri, 1986. Section 514.040 provides:

If any court shall, before or after the commencement of any suit pending before it, be satisfied that the plaintiff is a poor person, and unable to prosecute his or her suit, and

must satisfy itself of the plaintiff's indigence. The court may fulfill that step either by reviewing affidavits, conducting a hearing, or pursuing its own investigation. Only after it has determined that the plaintiff lacks adequate means to prosecute his cause of action may the court move to the second step. At that point, the court may exercise its discretion and determine whether to allow the plaintiff to proceed as a poor person. *Coats,* 689 S.W.2d at 804.

As we noted in *Coats,* § 514.040 provides no standards to guide the court's discretion. *Id.* Obviously, however, the legislature passed the statute to provide a means for a poor person to present meritorious claims. Therefore, we construed the statute in a way that serves that legislative intent. We determined that the federal in forma pauperis statute, 28 U.S.C. § 1915, provides an appropriate device to temper the court's discretion. That statute expressly authorizes the court to dismiss a pauper's petition upon a finding that it is frivolous or malicious. § 1915(d).

Accordingly, the determination of whether the petition is frivolous or malicious completes the second step of the process by which a court determines the right of a pauper to proceed without payment of costs. To summarize the procedure: Once the court has satisfied itself that the plaintiff possesses no adequate means to prosecute his lawsuit, the court must exercise its discretion to determine whether the petition is frivolous or malicious. If the petition falls below that standard, the court may dismiss it. Otherwise, the court should allow the plaintiff to proceed free of costs.

In *Coats* we determined that the trial court should

> examine the plaintiff's petition to see if it is patently and irreparably frivolous or malicious on its face so that, as pleaded, the plaintiff could prove no set of facts entitling him to relief.... If a plaintiff's petition is neither frivolous to that degree nor malicious, the trial court regularly should permit the case to proceed and be subjected to the usual tests of sufficiency (by motion to dismiss, for example), with the usual chances for the plaintiff to correct any defects in the pleading.

689 S.W.2d at 806. Thus, if the plaintiff's petition is inartful but arguably could state a cause of action or might be amended to state a cause, it is not "palpably and irreparably" frivolous and should not be dismissed nor should leave to proceed in forma pauperis be for that reason withdrawn.

The United States Supreme Court recently discussed the rationale for the provision allowing dismissal of frivolous pauper's petitions. In *Neitzke v. Williams,* — U.S. —, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), the Court held that the dismissal of a pauper's petition for failure to state a claim upon which relief may be granted does not necessarily brand the petition frivolous under § 1915(d).

The Court cited cases in which the plaintiff's petition had initially failed to survive a motion to dismiss but had eventually prevailed to create a new cause of action. It reasoned that Congress did not intend that § 1915(d) prevent a poor plaintiff from pursuing a cause of action that, although arguably valid, has not yet been legally recognized. Thus a petition asserting such a cause might not survive a motion to dismiss, and yet not necessarily be frivolous. The frivolity provision does not provide a method to deny arguable claims the benefit of testing through the adversary process; it serves instead to replace the financial deterrence that prevents a paying plaintiff from pursuing baseless claims.[2]

---

pay the costs and expenses thereof, such court may, in its discretion, permit him or her to commence and prosecute his or her action as a poor person, and thereupon such poor person shall have all necessary process and proceedings as in other cases, without fees, tax or charge; and the court may assign to such person counsel, who, as well as all other officers of the court, shall perform their duties in

such suit without fee or reward; but if judgment is entered for the plaintiff, costs shall be recovered, which shall be collected for the use of the officers of the court.

**2.** Rule 11 of the Federal Rules of Civil Procedure gives the trial court the power to issue sanctions against litigants who file frivolous pleadings. Although that type of sanction does

The Court concluded that judicial screening under § 1915(d) should dispose of only those claims that arise from fanciful factual allegations or contain legal claims completely without arguable merit. Otherwise, the claims should face the normal tests of the adversary process.

The respondent correctly cites *State ex rel. Coats v. Lewis, supra,* 689 S.W.2d at 807, for the proposition that the determination of frivolity rests within the trial court's discretion. He also correctly asserts that mandamus proceedings do not provide the appropriate forum to review that discretion. *See Brod v. Evans,* 738 S.W.2d 902 (Mo.App.1987) (mandamus will not issue to compel performance of a discretionary duty); *Hunter v. Madden,* 565 S.W.2d 456 (Mo.App.1978) (mandamus is not available when appeal provides an adequate remedy).

But that does not mean that the decision to dismiss a frivolous pauper's petition rests within the trial court's *unreviewable* discretion. The appellate process provides the appropriate forum for such review. In this proceeding we do not review the court's decision on the merits of the petition. Instead, we seek to determine whether the judge improperly denied the relators the opportunity to seek appellate review of his orders dismissing their petitions. If those orders amount to final orders from which appeals will lie, we may issue writs of mandamus to compel him to perform the ministerial act of processing the relators' notices of appeal. *Cf. State ex rel. House v. White,* 429 S.W.2d 277, 281 (Mo.App. 1968) (processing notice of appeal from associate circuit court was ministerial duty subject to enforcement by mandamus).

Thus, the issue becomes whether the court's dismissals of the relators' petitions amounted to final orders from which appeals will lie. We recently held in *Muza v. Missouri Department of Social Services,* 769 S.W.2d 168 (Mo.App.1989), that the

doctrine of res judicata barred a plaintiff from bringing a suit in state court when he had brought an identical claim in a federal in forma pauperis proceeding. We found that the federal court's determination that his claim was frivolous amounted to a judgment on the merits. Therefore, his failure to appeal from that judgment barred him from seeking relief on that claim in a different forum. *Id.* at 173–74. *See also Douglas v. Thompson,* 286 S.W.2d 833, 834 (Mo.1956), where the court held that a dismissal based on the plaintiff's failure to include his address on the petition amounted to an appealable order. The *Thompson* court observed that, "[E]ven a judgment of dismissal without prejudice may be res judicata of what is actually decided by it. Thus there may be cases in which it is essential to appeal from such a judgment to prevent a loss of rights." *Id.*

Here, the relators seek to appeal from orders dismissing their petitions and withdrawing leave to proceed as paupers. We recognized in *State ex rel. Coats v. Lewis, supra,* that the legislature, in § 514.040, established for poor persons a right of access to the courts. Unless the trial court's decision to withdraw that right is subject to review, a court may arbitrarily defeat the legislative intent.

Before we enforce that right through a writ of mandamus, we must determine that the right exists unconditionally. *State ex rel. McDonald's Corp. v. Daly,* 748 S.W.2d 51 (Mo.App.1988). Rule 81.04(c) conditions the trial court's duty to process the notice of appeal upon the payment of the fifty dollar filing fee. Section 483.500.1 provides, however, that the appellate filing fee requirement "shall not be construed to apply to anyone who was permitted, as provided by law, to sue as a poor person." In each case before us, the trial court initially determined that the plaintiff lacked adequate means to pay court costs. Only upon its finding that the petitions were frivolous

---

not exist at the trial level in Missouri, a paying litigant still incurs significant costs. In addition to his own legal fees and costs, Missouri Su-

preme Court Rule 77.01 provides that the losing party may be required to reimburse the prevailing party for his costs.

did the court withdraw leave to proceed as a poor person. Under those circumstances, the filing fee requirement poses no barrier to appellate review of the trial court's decision to dismiss the relators' petitions.

As we observed in *State ex rel. Coats v. Lewis, supra,* 689 S.W.2d at 806, a suit cannot be "pending" before the court, as § 514.040 requires, until it has been filed. Therefore, we held that the court should allow the presumably impoverished plaintiff to file his petition along with his motion to proceed as a poor person. At that point, the case will be pending before the court, and the court may follow the two-step process outlined above to determine whether the plaintiff should be allowed to proceed in forma pauperis.

We also note that § 514.040 provides for such proceedings in "any court," which includes the court of appeals. A case cannot be pending before the court of appeals, however, unless the appellant has filed a notice of appeal. Accordingly, when a poor person seeks to appeal from the trial court's dismissal of his petition, he should follow procedures in this court similar to those that we outlined for trial courts in *State ex rel. Coats v. Lewis.* The plaintiff should file his motion to proceed as a pauper along with his notice of appeal. Absent an indication of a substantial improvement in plaintiff's financial condition, however, we need not renew the inquiry into his financial status. For the trial court to

have reached the point where it dismissed the petition as frivolous, it must first have determined the plaintiff's poverty. We will defer to the trial court's finding on that issue of fact.

Similar considerations to those that guide the trial court's review of the petition's merits apply to appellate review. When the poor plaintiff presents a patently and irreparably frivolous claim to the trial court, the court may in its discretion dismiss the petition and avoid the costs of serving process on the other parties. *Coats,* 689 S.W.2d at 806. The appellate court has the same right and duty to conduct a review for such frivolity, and if it finds it, dispose of the case before commencing the briefing cycle. When, as will often be the case, the trial court correctly determines that the plaintiff's action so frivolously wastes public resources, the reviewing court may summarily dispose of meritless claims by dismissing the appeal.[3] Under such a procedure the trial court's decision comes under appellate scrutiny, thereby reducing the risk of arbitrary decisions. At the same time, the appellate court's opportunity summarily to dispose of utterly meritless claims prevents any further waste of public resources.

Accordingly, we hold that a trial court may not withhold a poor person's right to appeal the dismissal of his petition. Therefore, we make our preliminary writ absolute and direct the respondent to process

---

**3.** The summary dismissal serves a purpose on appeal similar to the one that the United States Supreme Court advanced in *Neitzke v. Williams, supra,* for dismissing frivolous paupers' petitions at the trial level: it replaces the financial deterrent that exists to prevent paying litigants from bringing frivolous appeals. Missouri Supreme Court Rule 84.19 provides sanctions against those who burden the court with such appeals. In *Jensen v. Jensen,* 670 S.W.2d 16, 18 (Mo.App.1984), we observed that the rule serves to prevent meritless appeals from clogging the court's docket. Rule 84.19 does not explicitly provide for dismissal. The threat of sanctions, however, provides no deterrent to the in forma pauperis appellant. Summary dismissal provides the most reasonable device to replace that

deterrent, and thereby serves the purposes of Rule 84.19.

In similar circumstances, Missouri courts have dismissed appeals for failure to comply with the briefing requirements of Rule 84.04. *See e.g. Euge v. Golden,* 657 S.W.2d 689 (Mo. App.1983); *Martin v. Moody,* 558 S.W.2d 362 (Mo.App.1977). By failing to comply with the briefing rules, an appellant fails adequately to inform the court of the basis for his claim of trial error. When the appellant does not inform the court of the basis for his claim for relief, the court may properly dismiss his appeal. Similarly, an in forma pauperis petition that advances no arguable legal claim presents no question of law for the court to review; therefore, we may properly dismiss the appeal.

the relators' notices of appeal.[4]

All concur.

---

4. We render no decision on the merits of the relators' claims. We will address that issue when the appeals reach us.