**Carol A. LITTON and Daryl G. Litton, Appellants,**

v.

**Thomas R. RHUDY, Respondent.**

**No. WD 49222.**

Missouri Court of Appeals, Western District.

Nov. 1, 1994.

H. George Lafferty, Teasdale & Lafferty, Kansas City, for appellants.

Michael K. Botts, Prescott, WI, for respondent.

Before ULRICH, P.J., and LOWENSTEIN and HANNA, JJ.

PER CURIAM:

Plaintiffs Carol Litton and Daryl Litton appeal the dismissal of their cause of action against the respondent, Thomas R. Rhudy, D.C. The trial court dismissed their action based upon a finding that the suit was time barred by Missouri's one-year "savings" statute, § 516.230, RSMo 1986.[1] Reversed and remanded.

The Littons were involved in an automobile accident in June 1989. Carol Litton sustained injuries as a result of the accident. On October 31, 1989, the Littons filed suit against the driver of the truck who had allegedly caused the collision and his insurer, State Farm Automobile Insurance Company. Also named as a defendant in the original suit was a licensed chiropractor, Dr. Thomas Rhudy, who had examined Carol Litton at the request of State Farm during the pendency of the liability and medical claims. With regard to the claim against Dr. Rhudy, the petition alleged Dr. Rhudy had improper-ly diagnosed Carol Litton's condition and caused severe and permanent injuries during an examination in August 1989.

On December 14, 1992, the trial court dismissed the action for failure to prosecute. The court did not specify in its order whether the dismissal was "with" or "without" prejudice. The Littons subsequently filed a motion to set aside the dismissal order. Dr. Rhudy filed a request for attorney's fees and costs. On January 13, 1993, the trial court entered an order granting attorney's fees to Dr. Rhudy and denying the plaintiffs' motion to set aside the dismissal order. In that order, the court also modified its December 14, 1992 order, stating that "the cause is dismissed without prejudice at plaintiff's cost." On January 25, 1993, the Littons filed a motion to set aside the order granting attorney's fees. On February 19, 1993, the court entered an "amended order" withdrawing the grant of attorney's fees and costs. In its amended order, the court also purported to rule that "the cause is dismissed as of December 14, 1992, without prejudice."

The Littons refiled their suit on December 29, 1993, naming only Dr. Rhudy as a defendant.[2] Dr. Rhudy filed a motion to dismiss, claiming that the petition was untimely filed in violation of the "savings" statute, § 516.230, which allows a plaintiff a grace period of one year to commence a new action after a nonsuit. The trial court entered the order, the subject of this appeal, dismissing the action on the ground that the Littons had failed to refile their suit within one year of the original dismissal.

■ The Littons present two points— the first of which is dispositive. In that point, the Littons contend the trial court erred in granting Dr. Rhudy's motion to dismiss on the basis that the action was time barred. They claim that the one-year grace period of the "savings" statute did not begin to run until January 13, 1993, the date the

---

1. All statutory citations are to Revised Missouri Statutes 1986, unless otherwise indicated.

2. The record indicates that the Littons settled their claims against the driver of the truck and State Farm.

trial court modified its dismissal order to be "without prejudice."[3] The court agrees.

Section 516.230 provides, in pertinent part, that:

> If any action shall have been commenced within the times respectively prescribed in §§ 516.010 to 516.370, and the plaintiff therein suffers a nonsuit, ... such plaintiff may commence a new action from time to time, within one year after such nonsuit suffered. ...

The savings statute operates to extend the applicable limitation period by giving the plaintiff a one-year grace period within which to file a new action after a nonsuit. *See Valley Farm Dairy Co. v. Horstmeier,* 420 S.W.2d 314, 316[1] (Mo.1967). In order for § 516.230 to apply, the original action must have been timely filed within the applicable limitations period, *see Ostermueller v. Potter,* 868 S.W.2d 110, 111 (Mo. banc 1993), and the action must have resulted in a "nonsuit". *See Britton v. Hamilton,* 740 S.W.2d 704, 705 (Mo.App.1987). In the instant case, it is undisputed that the original suit was timely filed within the statute of limitations.[4] The issue in dispute is whether the dismissal order entered on December 14, 1992, constituted a "nonsuit" within the meaning of § 516.230. The Littons claim the action did not become a "nonsuit" until the cause was dismissed "without prejudice" on January 13, 1993, when the court modified the original dismissal order. They argue that since the "nonsuit" occurred on January 13, 1993, their claim was timely filed within the one-year grace period of the savings statute.

In order to ascertain the effective date for the running of the savings statute, it must be determined whether the December 14, 1992 dismissal order constituted a "nonsuit." A "nonsuit" occurs when a court order finally terminates a cause of action without prejudice. *Webb v. Mayuga,* 838 S.W.2d 96, 98 (Mo.App.1992). A dismissal without prejudice constitutes a "nonsuit" within the meaning of § 516.230. *Ritter v. Aetna Cas. & Sur. Co.,* 686 S.W.2d 563, 565 (Mo.App. 1985). Pursuant to then Rule 67.03,[5] a dismissal order that does not otherwise specify is deemed to have been dismissed "with prejudice." *See, e.g., State ex rel. Vicker's, Inc., v. Teel,* 806 S.W.2d 113, 115 (Mo.App.1991). Since the trial court in this case did not otherwise specify, the court concludes that the December 14, 1992 dismissal for failure to prosecute was "with prejudice."

Since the original dismissal was "with prejudice," it was not a "nonsuit" within the meaning of § 516.230. The "nonsuit" occurred on January 13, 1993, the date on which the court modified its order to a dismissal "without prejudice." Accordingly, the one-year savings statute did not begin to run until the order of January 13, 1993. Since the Littons refiled their petition within the one-year grace period, the action is not barred by § 516.230. Therefore, the trial court's order dismissing this action is reversed and the cause remanded for further proceedings.

All concur.

---

**3.** A dismissal "without prejudice" is generally considered not to be an adjudication on the merits and, with few exceptions, is generally not appealable. *Ritter v. Aetna Cas. & Sur. Co,* 686 S.W.2d 563, 564 (Mo.App.1985). However, a dismissal "with prejudice" is generally considered to be an adjudication on the merits barring any further assertion of the cause of action by plaintiff. *Id.*

**4.** The trial court applied the two-year statute of limitations pursuant to § 516.105, which provides, in pertinent part, that "[a]ll actions against ... chiropractors ... for damages for malpractice, negligence, error or mistake related to health care shall be brought within two years

from the date of occurrence of the act of neglect complained of". The plaintiffs concede on appeal that the original claim against Dr. Rhudy was for medical malpractice.

**5.** Former Rule 67.03 (in effect at the time of the underlying action) provided that "any involuntary dismissal ... shall be with prejudice unless the court in its order for dismissal shall otherwise specify." However, the rule was amended in June 1993, effective January 1, 1994. The current Rule 67.03 states, in pertinent part, that "any involuntary dismissal shall be without prejudice unless the court in its order for dismissal shall otherwise specify."