**STATE of Missouri, Plaintiff–Respondent,**

v.

**Terry Lee MADEWELL, Defendant–Appellant.**

and

**Terry Lee MADEWELL, Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 19829, 20703.

Missouri Court of Appeals, Southern District, Division Two.

Aug. 14, 1996.

Rebecca L. Kurz, Asst. Appellate Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Becky Owenson Kilpatrick, Asst. Atty. Gen., Jefferson City, for respondent.

PARRISH, Judge.

Terry Lee Madewell (defendant) appeals the sentence he received for the class D felony of conspiracy to commit distribution of methamphetamine and marijuana. He asserts the trial court improperly sentenced him to an enhanced punishment, pursuant to § 558.016.6,[1] as a persistent offender after his case was remanded for resentencing. He contends that because his original punishment was no greater than that authorized by § 558.011.1, the imposition of an enhanced punishment upon resentencing was error.

Defendant also filed a motion for postconviction relief pursuant to Rule 29.15 by which he sought resentencing within the range of punishment prescribed by § 558.011.1 for class D felonies. He appeals the denial of that motion. That appeal was consolidated with his direct appeal pursuant to Rule 29.15($l$) as it existed on the date the

---

1. References to statutes are to RSMo 1986.

motion was filed.[2] This court affirms defendant's sentence in his criminal case and the order denying his Rule 29.15 motion.

Defendant's conviction was affirmed in *State v. Madewell,* 846 S.W.2d 208 (Mo.App. 1993). Later, he filed a motion to recall the mandate. It was granted as to the sentence.

The original sentence was for a class B felony. Defendant's case was remanded with instructions that he be resentenced in accordance with the range of punishment prescribed for a class D felony committed by a prior and persistent offender. He was resentenced to imprisonment for a term of 7 years. It is this sentence which defendant appeals.

■ The state contends, however, that this court does not have jurisdiction to consider defendant's direct appeal. Its contention is based on the following chronology.

| July 29, 1994 | Defendant resentenced to confinement for a term of 7 years following remand to the trial court |
| August 25, 1994 | Affidavit of indigency filed in trial court |
| September 1, 1994 | Trial court grants defendant's request to proceed *in forma pauperis* |
| September 1, 1994 | Defendant's notice of appeal filed |
| September 27, 1994 | Appeal dismissed -- notice of appeal not timely filed |
| November 4, 1994 | Court of Appeals granted defendant leave to file notice of appeal within 10 days from date circuit clerk received notice of its order |
| November 7, 1994 | Court of Appeals order received by trial court |
| November 14, 1994 | Notice of appeal filed |

| November 16, 1994 | Trial court notified that Court of Appeals would not accept copy of November 14 notice of appeal because no docket fee or *in forma pauperis* order was submitted with it |
| November 28, 1994 | Affidavit of indigency filed in trial court |
| December 6, 1994 | Trial court grants defendant's request to proceed *in forma pauperis* |
| December 6, 1994 | Notice of appeal filed |

The state's suggestion that this court lacks jurisdiction to consider the direct appeal is based on the November 4, 1994, order granting defendant leave to file a late notice of appeal within 10 days after the clerk of the trial court received notice of the order. *See* Rule 30.03. Notice of the order was received by the clerk of the trial court November 7, 1994. The state argues that because defendant did not tender an affidavit of indigency until more than 10 days thereafter, the time frame in which defendant was permitted to file his late appeal was not met.

Defendant, in response to the state's challenge to the timeliness of his appeal, points to his affidavit of indigency filed August 25, 1994, and the trial court's September 1, 1994, order permitting him to proceed *in forma pauperis.* He contends that since his status as a poor person was determined before he tendered his November 14 notice of appeal for filing, the trial court properly accepted the notice of appeal; that the prior leave of court permitting him to appeal as an indigent person sufficed for purposes of Rule 30.01(d). This court agrees.

■ It is appropriate for an appellate court to defer to a trial court's determination on the question of an appellant's indigency.[3] *Nitcher v. Brown,* 775 S.W.2d 330, 334 (Mo. App.1989). Once a determination of indigency has been made for purposes of appeal, it

**2.** Defendant's sentence was pronounced July 29, 1994. His Rule 29.15 motion was filed September 16, 1994. *See* Rule 29.15(m).

**3.** The trial court obviously relied on the earlier determination of indigency when it accepted defendant's November 14 notice of appeal for filing. For whatever reason, that reliance was not

disclosed when a copy of the November 14 notice of appeal was mailed to this court without a docket fee. *See* Rule 30.01(h). Presumedly, had a copy of the September order permitting defendant to appeal *in forma pauperis* been forwarded with a copy of the November 14 notice of appeal, the appeal would have proceeded forthwith.

need not be revisited absent a manifestation of some change of an appellant's financial circumstances. To require otherwise would be a duplicitous exercise of form over substance.[4] Defendant's direct appeal is properly before this court for review.

■ Defendant presents one allegation of error in both his direct appeal and the appeal of the order dismissing his Rule 29.15 motion. It is directed to the length of the sentence received when he was resentenced. He contends the trial court erred in sentencing him to a greater punishment than could have been imposed on a person who was not a persistent offender, and that the motion court erred in denying his Rule 29.15 motion by which he sought to vacate that sentence.

Defendant was charged as and found to be a persistent offender. He was originally sentenced to imprisonment for a term of 12 years for having committed a class B felony. The maximum punishment for a class B felony committed by a persistent offender is "a term of years not to exceed thirty years." § 558.016.6(2).

After defendant's case was remanded for resentencing for a class D felony, he was sentenced to imprisonment for a term of 7 years. The maximum punishment for a class D felony committed by a persistent offender is "a term of years not to exceed ten years." § 558.016.6(4).

If defendant had not been a persistent offender, the applicable ranges of punishment for class B and class D felonies would have been, respectively, "a term of years not less than five years and not to exceed fifteen years" and "a term of years not to exceed five years." § 558.011.1(2) and (4).

Defendant contends that because the sentence he originally received, based on the erroneous belief that he had committed a class B felony, was within the range of punishment for class B felonies committed by persons who are not persistent offenders, the sentence he received when he was resentenced for committing a class D felony should not have exceeded the maximum punishment for a class D felony committed by a person who was not a persistent offender. He asserts that the punishment imposed upon his resentencing was done to vindictively punish his successful attack on his original sentence; that, therefore, the trial court was barred from imposing a sentence greater than the maximum applicable to a person who was not a persistent offender by the doctrine enunciated in *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).

*Pearce* involved consolidated appeals of cases in which sentences of criminal defendants had been overturned on appeal and, upon sentencing after retrials, substantially greater punishments were imposed. The trial courts gave no reasons or justifications for the greater punishments. Through federal habeas corpus proceedings, the "new" sentences were vacated.

In affirming the habeas corpus judgments the U.S. Supreme Court declared:

Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge.

In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reason for his doing so must affirmatively appear.

395 U.S. at 725–726, 89 S.Ct. at 2080–81 [footnote omitted].

■ The *Pearce* doctrine applies to cases in which criminal convictions are overturned and, thereafter, defendants are sentenced to more severe punishments than were originally imposed. *Bolinger v. State*, 703 S.W.2d

**4.** In *Funkhouser v. Meadowview Nursing Home*, 816 S.W.2d 947, 950 (Mo.App.1991), this court similarly concluded that to consider an order permitting an appellant to appeal *in forma pauperis* to part of an appeal but not to another would produce an unacceptable result. That holding is consistent with the holding of this case.

25, 27 (Mo.App.1985). It is not applicable to this case. Defendant's new sentence did not impose greater punishment than was imposed by his original sentence. The original punishment was 12 years. The second punishment was 7 years. The fact that 12 years was within the range of punishment for a class B felony committed by a person who was not a persistent offender, but 7 years was not within the range of punishment applicable to such a person who committed a class D felony, is a *non sequitur*. Defendant was charged as and found to be a persistent offender. The sentence he received was within the range of punishment for class D felonies committed by persistent offenders. Defendant's allegation of error is denied.

The sentence in No. 19829 is affirmed. The order in No. 20703 dismissing defendant's Rule 29.15 motion is affirmed.

Montgomery, C.J., and Shrum, J., concur.