**Fredric S. RICKNER, et al., Appellant,**

v.

**Dimitrios GOLFINOPOULOS,
D.O., et al., Respondents.**

**No. WD 68690.**

Missouri Court of Appeals,
Western District.

Oct. 31, 2008.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 23, 2008.

Transfer Denied Jan. 27, 2009.

Daniel A. Thomas, Independence, Mo, for appellant.

D. Bruce Keplinger, and John R. Hicks, Overland Park, KS, for respondent Golfinopoulos.

Roger W. Slead, and Jessica J. Shaw, Kansas City, MO, for respondents James and Surgical Care of Independence, Inc.

Marc K. Erickson, and Jeffrey M. Kuntz, Kansas City, MO, for respondents Turner and Independence Anesthesia, Inc.

P. John Brady, and Daniel A. Boulware, Kansas City, MO, for respondent Midwest Division–IRHC, LLC.

Before DIV II: SMART, P.J., HARDWICK and WELSH, JJ.

LISA WHITE HARDWICK, Judge.

Fredric Rickner appeals from the dismissal of his medical malpractice and wrongful death claims against Dimitrios Golfinopoulos, Northtown Medical Group, P.C., Kelly James, Surgical Care of Independence, Inc., Marc Turner, Independence Anesthesia, Inc., and Midwest Division–IRHC, L.L.C. (collectively "Defendants"). Rickner contends the circuit court erred in determining that he failed to file his lawsuit before the expiration of the one-year savings statutes, Section 516.230 and Section 537.100.[1] As explained herein, we find no error and affirm the dismissal.

## FACTUAL AND PROCEDURAL HISTORY

Following the death of his wife on November 5, 2003, Fredric Rickner filed medical malpractice and wrongful death claims against the defendants on November 4, 2005. Rickner voluntarily dismissed all of his claims on April 14, 2006. The circuit court entered an order dismissing the cause without prejudice on April 24, 2006.

Rickner filed a second lawsuit, asserting the same claims against the same defendants, on April 24, 2007. All of the Defendants, except Northtown Medical Group, P.C., filed a motion to dismiss on grounds that the lawsuit was filed outside the one-year savings statute. The court granted the motion, concluding that the savings statute expired on April 14, 2007, and not April 25, 2007, as Rickner had asserted.

---

1. All statutory references are to Revised Statutes of Missouri (2000) unless otherwise noted.

The court entered judgment dismissing with prejudice all claims against those Defendants. Rickner voluntarily dismissed his claims against the only remaining defendant, Northtown Medical Group, P.C., and filed this appeal.

## ANALYSIS

The issue on appeal is whether Rickner refiled his lawsuit within the statutory one-year period following the voluntary dismissal of his original action. Rickner contends the refiling was timely because it was done within one year of the date the circuit court entered an order granting voluntary dismissal. The dismissal of a claim as barred by the statute of limitations raises a question of law, which we review *de novo. Randolph v. Mo. Highways & Transp. Comm'n,* 224 S.W.3d 615, 617 (Mo.App.2007).

The savings statute applicable to medical malpractice claims is Section 516.230, which provides in relevant part:

If any action shall have been commenced within the times respectively prescribed in sections 516.010 to 516.370, and the plaintiff therein suffers a nonsuit, ... such plaintiff may commence a new action from time to time, within one year after such nonsuit suffered[.]

Similarly, the savings statute in Section 537.100 provides that wrongful death claims must be refiled within year after the occurrence of a nonsuit.

Generally, a nonsuit occurs when a court order terminates a cause of action without prejudice. *Litton v. Rhudy,* 886 S.W.2d 191, 193 (Mo.App.1994). However, under Rule 67.02,[2] a "voluntary dismissal" constitutes a nonsuit because it allows a plaintiff to dismiss a civil action without prejudice and *"without order of the court "* any time prior to the introduction of evidence at trial.[3] (Emphasis added). Accordingly, the savings statute allows a plaintiff to refile an action within one year of the date of the voluntary dismissal. *Fuller v. Lynch,* 896 S.W.2d 764, 765 (Mo. App.1995).

Rickner voluntarily dismissed his original claims against the defendants on April 14, 2006. Under Rule 67.02, the dismissal took effect that day and, thus, triggered the one-year refiling period under the savings statutes. *Id.* at 765–66. Although the circuit court entered an order of dismissal on April 25, 2006, that order was a "nullity" because the dismissal was effective immediately upon its filing on April 14, 2006. *Id.* The savings period under Section 516.230 and Section 537.100 expired on April 14, 2007, one year after the effective date of the voluntary dismissal. Because Rickner did not refile the lawsuit until April 24, 2007, he was ten days late and his claims were barred by the savings statutes.

Based on the holdings in *Douglas v. Thompson,* 286 S.W.2d 833 (Mo.1956), and *Litton v. Rhudy,* 886 S.W.2d 191, Rickner argues that the one-year savings period does not begin to run until the trial court

**2.** All rule citations are to Missouri Rules of Civil Procedure (2008) unless otherwise noted.

**3.** Rule 67.02 provides in relevant part:
  (a) Except as provided in Rule 52, a civil action may be dismissed by the plaintiff without order of the court anytime:
    (1) Prior to the swearing of the jury panel for the voir dire examination, or

    (2) In cases tried without a jury, prior to the introduction of evidence at the trial.
    . . . .
  (c) A voluntary dismissal under Rule 67.02(a) shall be without prejudice unless otherwise specified by the plaintiff. Any other voluntary dismissal shall be without prejudice unless otherwise specified by the court or the parties to the dismissal.

enters a final judgment of dismissal. We note that *Douglas* and *Litton* involved dismissals that were either requested by the defendant or initiated by the court for failure to prosecute. In both cases, it was necessary for the court to enter an order to indicate whether the dismissal was with or without prejudice. However, in Rickner's case no court order was necessary because his voluntary dismissal was without prejudice and immediately effective by operation of Rule 67.02. *Douglas* and *Litton* are clearly distinguished on this basis.

The facts of this case are directly controlled by *Fuller v. Lynch*, 896 S.W.2d at 765–66, where our court determined that a plaintiff can refile a cause of action only within one year of the date of a voluntary dismissal. The circuit court properly followed this precedent in dismissing Rickner's lawsuit. We find no error and affirm the circuit court's judgment.

All Concur.