Charles MOODY and Jean Moody,
Plaintiffs–Appellants and
Cross–Respondents,

v.

Sheila Dionne BALL, a minor and her
guardian ad litem, Deborah A. Ball, De-
fendants–Respondents and Cross–Ap-
pellants.

No. 53528, 53555.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 17, 1988.

Motion for Rehearing and/or Transfer to
Supreme Court Denied June 14, 1988.

Application to Transfer Denied
July 26, 1988.

Wuestling & James, Wm. James, Robert
DeVoto, St. Louis, for plaintiffs-appellants
and cross-respondents.

Brown, James & Rabbitt, Lawrence Gre-
bel, Mark Lawson, St. Louis, for defend-
ants-respondents and cross-appellants.

KAROHL, Presiding Judge.

This consolidated appeal arises out of
two orders entered by the Circuit Court of

the City of St. Louis. The first order sustained motion of third party defendant, Sheila Ball [1] [Ms. Ball], to dismiss the cause pleaded against her for "contribution" by third party plaintiffs, Charles and Jean Moody (the Moodys). The second order, entered the same date, dismissed the counterclaim of Ms. Ball against the Moodys for personal injuries.

On February 21, 1984, a fire broke out in the basement of a home owned by the Moodys and leased to Doris Gay. At the time of the fire, four children of Doris Gay were under the supervision of Sheila Ball, their baby-sitter. All four children died as a result of the fire and Ms. Ball sustained serious personal injuries.

A chronology of the litigation spawned as a result of the fire follows:

*September 11, 1984:* Plaintiff Doris Gay filed suit against the Moodys for wrongful death of her four children. This suit was filed in the circuit court of the City of St. Louis.

*June 14, 1985:* While the above suit was still pending a petition was filed in the circuit court of St. Louis County by Sheila Ball, by her mother and next friend, Deborah Ball, against the Moodys. The petition prayed for damages as result of the personal injuries sustained by Ms. Ball.

*July 17, 1985:* The *Ball v. Moody* suit became a "friendly suit" which was called, heard, and reduced to judgment pursuant to Section 507.184 RSMo 1978. By terms of the structured settlement, Ms. Ball received an initial $13,500 lump sum payment with additional payments to be made to Ms. Ball until July 19, 2016 [2] for a total amount of $76,500.00. The agreement expressly provided:

That on approval of the aforesaid settlement, the judgment entered against defendants, approving the same, shall be satisfied and Charles Moody and Jean Moody and Safeco Insurance Company, their insurer, are discharged of and from any future and/or further liability to Sheila Dionne Ball, a minor, and/or Deborah A. Ball, her mother and next friend, all liability for payments under the annuity contract to be the sole responsibility of the A+ rated life insurance company through which the annuity contract has been purchased.

Further, in entering into the aforesaid settlement, the defendants are not to be barred from asserting any claims against Sheila Dionne Ball and/or Deborah A. Ball *for indemnity and/or proration of liability,* in connection with other claims which might be asserted, as the result of this incident, however, their right to recover therefor is limited as per Section 537.065, R.S.Mo.[sic]

Further, the judgment entered herein is not to be construed to collaterally estop any party hereto from asserting any claim and/or in making any defense to any other action which might be instituted as the result of the incident in question. (Our emphasis).

*August 27, 1986:* A third-party petition was filed in the wrongful death action by the Moodys against Sheila Ball, the action then being styled *Doris Gay v. Charles Moody and Jean Moody v. Sheila Dionne Ball.* The petition sought contribution for Ms. Ball's alleged negligence in causing the deaths of Doris Gay's four children.

*October 30, 1986:* Gay filed a third amended petition alleging negligence of Moodys and negligence of Ball.

*January 22, 1987:* A settlement of the wrongful death action between Doris

1. Ms. Ball, as a minor, appeared in St. Louis City and County suits by and through her mother as Guardian Ad Litem or her next friend, Deborah A. Ball.

2. The payments were required to be as follows:
 1. $3,000.00 on August 1, 1989;
 2. $3,000.00 on August 1, 1990;
 3. $3,000.00 on August 1, 1991;
 4. $3,000.00 on August 1, 1992;
 5. $4,000.00 on July 19, 1996;
 6. $8,000.00 on July 19, 2001;
 7. $12,000.00 on July 19, 2006;
 8. $15,000.00 on July 19, 2011;
 9. $12,000.00 on July 19, 2016.

Gay and the Moodys was heard and approved by the court. Pursuant thereto, Ms. Gay received $48,000. The Third–Party Petition against Third–Party Defendant Sheila Ball, by and through her Guardian Ad Litem, Deborah Ball, remained.

*February, 1987:* A Second–Amended Third–Party Petition was filed against Sheila Ball. This pleading alleged Ball was negligent in supervising the Gay children which (a) permitted them to start the fire, and, (b) failed to discover the fire and help the children exit the house. Third-party defendant Ball, filed her answer admitting that plaintiff's children died in the February 21, 1984 fire but denying each and every other allegation of the second amended third-party petition. As an affirmative defense, Ms. Ball stated that the action was barred by a release, accord and satisfaction.

*April 1, 1987:* Sheila Ball, by and through her Next–Friend and Natural Guardian, Deborah Ball, asserted a counterclaim against the Moodys. The petition alleged that the injuries sustained by Ms. Ball were caused by the Moodys' negligence in that they failed to repair the defective wiring, failed to provide reasonable means of entry and exit, and failed to provide adequate smoke detectors. Ms. Ball averred that she sustained serious personal injuries and prayed for damages of $3,000,000.00.

*April, 1987:* The Moodys filed a Motion to Dismiss Ms. Ball's Counterclaim alleging full accord and satisfaction pursuant to the judgment entered on July 17, 1985 by the Circuit Court of St. Louis County.

*April 23, 1987:* Third–Party Defendant, Sheila Ball, moved for dismissal of the Moodys' Second–Amended Third–Party Petition. The motion alleged that the claim stated in the third-party petition was a compulsory counterclaim which was required to have been raised in the original "friendly suit" filed in the St. Louis County Circuit Court.

*April 29, 1987:* The circuit court overruled Motion of Third–Party Plaintiff (Moodys) to Dismiss Counterclaim and Motion of Third–Party Defendant (Ball) to Dismiss Third–Party Plaintiffs' Petition.

*June, 1987:* The Moodys filed a motion to realign the parties. The Moodys also filed a motion for reconsideration of their motion to dismiss third-party defendant's counterclaim. They also filed a certified transcript of the proceedings and judgment in the St. Louis County case.

*July 6, 1987:* The circuit court granted the motion to realign the parties making the Moodys plaintiffs and Sheila Ball defendant. The court also granted the motion for reconsideration. The court then dismissed the claim of the Moodys against Sheila Ball and the counterclaim of Sheila Ball.

### A.

The Moodys' sole point on appeal alleges trial court error in the dismissal of the Moodys' third-party petition seeking contribution from Ms. Ball. Specifically, the Moodys maintain that pursuant to Section 537.065 RSMo 1978, and the judgment entered in the St. Louis County proceeding, they preserved their right to seek contribution from certain specified assets of Ms. Ball—namely a homeowner's insurance policy.

The St. Louis County settlement agreement provided that "the [Moodys] [were] not to be barred from asserting any claims against [Ms.] Ball ... for *indemnity and/or proration of liability,* in connection with other [third-party] claims which might be asserted, as a result of [the February 21, 1984 fire]." (Emphasis added). These terms were agreed to by both parties and approved by the circuit court on July 17, 1985, pursuant to Section 507.184 RSMo 1978.

Thereafter, on August 27, 1986, Ms. Ball was named as a third-party defendant by the Moodys in the litigation between Doris Gay and Charles and Jean Moody which was then pending in the St. Louis City Circuit Court. In February 1987, the Moodys filed a Second Amended Third–Party Petition. Ms. Ball then moved to dis-

miss the above third-party petition. In support thereof, Ms. Ball stated that the "purported claim therein, pursuant to Rule 55.-32(a) ..., was a compulsory counterclaim, which was required to have been filed in the [St. Louis County proceeding styled *Sheila Ball, a Minor, by her Natural Mother and Next Friend, Deborah Ball v. Charles Moody and Jean Moody*]." The motion alleged that because such claim was a compulsory counterclaim and was not filed in the county proceeding, the St. Louis City Circuit Court lacked subject matter jurisdiction to entertain the Moodys' claim against Ms. Ball. On these grounds the trial court eventually dismissed the Moodys' claim.[3]

The parties, by brief and by argument, specifically focused upon whether or not a claim, otherwise subject to Rule 55.32(a), compulsory counterclaims, could be reserved in accordance with both Section 537.065 RSMo 1978 and Section 507.184 RSMo 1978. The precise issue raised in the trial court was whether the parties to a lawsuit could avoid the consequences of the compulsory counterclaim rule, Rule 55.-32(a), where, with court approval, the parties expressly agreed to preserve the right to future, multiple litigation and where, at the time the stipulation was agreed to, there was adjunct litigation pending wherein the parties fully anticipated that the expressly reserved claim could be resolved without causing a new or additional suit.

The original opinion written by the court in this case erroneously relied on the allegations in the original petition filed by Gay against the Moodys. In the original petition the only grounds of negligence alleged were defective wiring as a defect known to the Moodys, but not corrected. We determined that a third party petition filed by Moody against third party defendant Ball was not proper under the limits of Rule 52.11 and the correct remedy was to strike the third party petition. The court under-

stood Moodys to argue that the theory of negligence asserted by Moodys against Ball was that they were not negligent in regard to the house wiring as a cause of the fire, but Ball caused the fire by failing to supervise the Gay children who started the fire by playing with a cigarette lighter or matches. On those facts third party practice was not implicated. However, we now perceive the Moodys argument to be more extensive. Accordingly, we withdrew the original opinion. The third amended petition of plaintiff Gay against the Moodys and Ball alleged both negligence of the Moodys relating to defective wiring and negligence of Ball in failing to discover the fire and failure to timely assist the Gay children in exiting the home. The third amended petition of plaintiff Gay therefore removed any impediment under Rule 52.11 to the third party petition of *Moody v. Ball.*

After plaintiff Gay filed the third amended petition alleging negligence against the Moodys and negligence against Ball, the Moodys filed a second amended third party petition. In that pleading the Moodys admitted "that they were guilty of a small amount of negligence which caused and/or contributed to cause, combining with the hereinafter stated negligence of third party defendant, the incident and the alleged resulting death of plaintiffs' children and, further, defendants/third plaintiffs admit that they were, minutely, liable to plaintiff, in combination with third party defendant, as joint tort feasors, therefore." The Moodys then alleged the third party defendant Ball was negligent in the following respects: "Third Party Defendant, who was baby-sitting for the plaintiffs' children, failed and omitted to adequately supervise plaintiffs' children who were in her care and custody; third party defendant negligently and carelessly permitted defendants' children to play with a cigarette lighter, matches and/or similar device; third party defendant negligently and carelessly fell

**3.** On April 29, 1987, the trial court overruled Ms. Ball's Motion to Dismiss Third–Party Plaintiffs [Moodys'] Petition. In June 1987, the Moodys filed their Motion for Reconsideration. On July 6, 1987, the circuit court granted the motion for reconsideration. The court also granted Ms. Ball's Motion to Dismiss the Moodys' Third–Party Petition on the basis that the claim should have been brought as a compulsory counterclaim in the St. Louis County proceeding.

asleep when she was supposed to be watching and/or supervising plaintiffs' children; and, third party defendant negligently and carelessly failed to aid and/or assist plaintiffs' children in exiting the premises." The pleading acknowledged a settlement paid to Gay in the amount of $48,000 and requested the court to apportion that sum as between the Moodys and Ball. This is the pleading which the court dismissed on the basis that it was not filed as a counterclaim in the St. Louis County lawsuit, *Ball v. Moody*. The issue raised by the Moody appeal is whether the agreement of Ball adopted by the St. Louis County Court reserving rights of contribution or indemnity for Moody against Ball, to the extent that insurance was available on behalf of Ball, is enforceable in the face of the compulsory counterclaim rule.

At the time the court dismissed the third party petition of *Moody v. Ball* the petition acknowledged some measure of liability on the part of the Moodys, but asserted that Ball was negligent in failing to supervise the children which either; (a) allowed the children to start the fire; or, (b) allow injury resulting in death for failure to assist the children in exiting the home after the fire began because of defective wiring. It is conceded that the alternative cause of fire as a concurrent cause may not be provable. However, that does not dispose of the allegation that negligence of Ball caused or contributed to cause the injury. The pleading is for contribution, not indemnity.

We now understand the argument of the Moodys to be as follows: First, Ball was a minor and her claim in St. Louis County against the Moodys could not be settled except by following the provisions of Sections 507.110–507.188 RSMo 1978. Second, if plaintiff Ball was an adult then the provisions of Section 537.065 RSMo 1978 would have permitted a settlement without suit which could have protected, by contract, all of the assets of Ball "except against any insurer which insures the legal liability of [Ball] for such damage and which insurer is not excepted from execution, garnishment or other legal procedure by such contract" as provided in this section. Third, a minor

with recourse under Section 507.184 should not be denied the same rights granted an adult under Section 537.065. Fourth, a counterclaim of *Moody v. Ball* in St. Louis County, if filed, could not have been resolved until the *Gay v. Moody* suit in the City of St. Louis was concluded. If it was there determined the Moodys were not negligent a counterclaim for contribution would have become unnecessary. In view of pleadings charging negligence against both the Moodys and Ball it was only possible to determine the amount of damages and the comparative fault of the parties in the St. Louis City case. Logically these issues were better and more efficiently tried in the city lawsuit filed by Gay.

The Moodys state, "the precise issue before the trial court herein was therefore whether the 'judgment' taken pursuant to 507.184 RSMo specifically preserved or reserved the Moodys' claim for contribution against Ms. Ball for the damages sustained by Doris Gay when her children died in the blaze." In support of an argument that the answer is affirmative the Moodys argue that the settlement in St. Louis County tracks the statutory language of 507.184 RSMo except for a recitation of the Moodys' right to reserve their claim against the minor as limited by 537.065 RSMo, "which is obviously incorporated by reference." There is no contention opposing the conclusion that the Moodys and Ball intended to reserve Moodys' claim against Ball's insurance company for contribution.

Ball responds that the provisions of the compulsory counterclaim rule, Rule 55.-32(a) must be applied because the subject matter or transaction involved in the St. Louis County lawsuit was identical with the proceeding before the St. Louis City Circuit Court. She now argues that there is no room for an exception on the present facts to accommodate the requirements for a friendly suit under Sections 507.110 et seq. She also argues that Rule 52.02(a) contemplates counterclaims against minors. *See,* Rule 52.02(a), (e) and (*l*). From this she argues that there was no disability which prevented Moody from filing the present third party claim for contribution

against Ball as a counterclaim in the St. Louis County lawsuit. In support of this contention she claims that there is no legal support to indicate a "policy that the approval of claims involving minors is paramount to the enforcement of procedural rules." She relies on *Cantrell v. City of Caruthersville*, 359 Mo. 282, 221 S.W.2d 471, 474 (1984). In *Cantrell*, the court reviewed a predecessor of Rule 55.32 and noted its purpose to be a means of bringing all logically related claims into a single litigation, through the penalty of precluding the later assertion of omitted claims. The objective is to discourage separate litigations covering the same subject matter. More recently, in *Hughes v. Spence*, 409 S.W.2d 701, 706 (Mo.1986) the court held the compulsory counterclaim rule supersedes even the statutory requirement in Section 508.030 RSMo 1978 of venue of cases involving title of real estate which are to be tried only in the county where the real estate is located.

Ball answers Moodys' argument regarding Section 537.065 RSMo 1978 by asserting that this statute says nothing about reserving the rights of a party, the Moodys, who have already been sued, which would allow the party to later bring an action on its own. Ball contends the language of this section is consistent with the compulsory counterclaim requirement contained in Rule 55.32(a). She also argues that the reservation of rights by agreement and judgment claimed by the Moodys was available only if they first filed a counterclaim. She points to the holding in *Alsbach v. Bader*, 616 S.W.2d 147 (Mo.App.1981) as authority for the proposition that the interest of Ball's insurer was not considered or protected and would not be protected if the counterclaim were not required so that the insurer was also represented before the court. This argument depends upon the possibility that Moodys' settlement with Ball, without the benefit of a counterclaim and therefore without the involvement of Ball's insurer, may obligate the insurer for a greater sum than otherwise may result. However, in *Alsbach*, an uninsured motorist suit, the only injuries involved were those of the plaintiff. In the present case

the reservation by the Moodys of a right to contribution from Ball relates to the injuries asserted by Gay and not those of Ball.

■ We find that the court erred in dismissing Moodys' Third Party Petition against Ball. First, Ball's motion is inconsistent with her position taken in the Circuit Court of St. Louis County on the basis of which she recovered from the Moodys, a judgment which has been partially paid. There is no reason to believe that the Moodys would have settled Ball's claim in the absence of a reservation of rights for contribution in payment of any sums due or that may become due plaintiff Gay.

■ Second, the original lawsuit was filed by Gay v. Moody in the Circuit Court in the City of St. Louis where the Moodys seeking contribution, could have made Ball a third party defendant if the original petition had contained the allegations subsequently made in the third amended petition filed by Gay. Only on these facts would the purpose of Rule 55.32(a), single litigation, have been satisfied. But the original petition of Gay did not suggest negligence of Ball caused the fire or enlarged the damages.

Third, because the lawsuit filed by Gay against Moody in the city was pending when Ball sued the Moodys in St. Louis County a counterclaim filed by the Moodys against Ball for contribution in Ball's St. Louis County suit would not have served the purpose of Rule 55.32(a) of consolidating all the claims into single litigation. The counterclaim could not have forced Ball as a plaintiff into the pending city lawsuit. Accordingly, the holding in *Cantrell* is inapplicable.

Fourth, the sentiment expressed in *Alsbach* that a party's insurer should not be prejudiced by a settlement between the insured and another does not apply on the facts. Plaintiff *Alsbach*'s insurer was ultimately liable to Alsbach based upon a settlement because of the provisions of uninsured motorist coverage. It had no opportunity to litigate the liability for or the amount of the judgment. In the present case Ball's insurance company will have a

full opportunity to defend Ball on the question of liability of Ball, if any. It is not clear that the court must accept $48,000 as the amount to be apportioned if the Moodys cannot prove that sum was a reasonable measure of Gay's damages or if Ball can plead and prove that the amount paid Gay, $48,000 was excessive. That issue has not been litigated between Moodys and Ms. Ball.

Accordingly, we hold that the court erred in dismissing the Moodys' second amended third party petition against third party defendant Ball. On the facts two suits were inevitable, both involving the Moodys as defendants. The reservation of claim agreement did not cause separate litigation of the same subject matter prohibited by Rule 55.32(a). Ball benefited by the court approved agreement. She may not now assert a contrary position. Nor can her insurance company prevail by asserting a contrary position where it has not been deprived of any defenses.

### B.

Ms. Ball contends on appeal that the trial court erred in dismissing her counterclaim against the Moodys for personal injuries. On April 1, 1987, by her counterclaim, Ms. Ball alleged that the injuries she sustained in the February 21, 1984 fire were caused by the "negligence and carelessness of [the Moodys] in that [they] caused, allowed and permitted electrical wiring to be and remain in a defective state in that said electrical wires were [defective] ... thereby creating a dangerous and hazardous condition...." It was further alleged "that as a direct result of the [Moodys'] negligence, [third-party] defendant Sheila Ball was burned over 45% of her body ... all to her damage in the sum of $3,000,000.00."

Thereafter, the Moodys filed and pleaded their Motion to Dismiss the Counterclaim averring, inter alia, that Ms. Ball's claim for personal injury had already been raised and adjudicated pursuant to the judgment entered in the St. Louis County "friendly suit." Affixed thereto and incorporated into the pleading was the memorandum of said judgment, the acknowledgement of

satisfaction of the judgment and the release of all of Ms. Ball's claims. The particular Motion to Dismiss was overruled by the trial court on April 28, 1987.

On July 6, 1987, the Moodys supplemented their pleadings by filing a Motion for Reconsideration of the trial court's order of April 28, 1987. Accompanying the motion was the memorandum of law and the certified transcript of the proceedings and judgment in the St. Louis County Circuit Court. The motion for reconsideration of the motion to dismiss Ms. Ball's counterclaim was granted on July 6, 1987. At that time the motion to dismiss Ms. Ball's counterclaim was called, heard and sustained.

The issue with which we are confronted is whether there was procedural irregularity in the manner in which the Motion for Reconsideration was presented for the trial court's determination. Ms. Ball maintains that the Motion for Reconsideration was either a motion for judgment on the pleadings or a motion for summary judgment. Either way, she argues, procedural irregularities so tainted the trial court's order that we should reverse it on appeal.

We disagree. Both parties concede that when the Moody's motion to dismiss the counterclaim was first presented to the trial court there were no affidavits or certified copies presented with the motion as required for a Rule 74.04 motion for summary judgment. Attachments were made, including the order representing the agreement reached in the St. Louis County proceeding, however, the proper certification was not made. Rule 74.04(e). When the Moodys moved for reconsideration of the court's order overruling their Motion to Dismiss, an additional document, the certified transcript of the proceedings, was before the trial court.

■ The claim raised by Ms. Ball is without merit. The certified transcript of the county proceeding, which was filed after the trial court overruled the Moodys' motion to dismiss and before the court granted the motion for reconsideration and Moody's motion to dismiss, was before the trial court and sufficient in itself to justify the trial court's order dismissing Ms. Ball's

counterclaim. There was no prejudice or surprise to Ms. Ball by the Moodys' inclusion and the trial court's consideration of the certified transcript. The exact same legal issues and the same parties were before the trial court on both occasions when it considered the Moodys' motion to dismiss Ball's counterclaim.

Moreover, we direct Ms. Ball's attention to the important fact that the transcript and the trial court's decision is also supported by her own pleadings. These pleadings are specifically premised upon the existence of the St. Louis County proceeding. In particular, two documents filed by Ms. Ball provide support for the trial court's dismissal of her counterclaim. In the "Answer of Third–Party Defendant Sheila Ball to Second Amended Third–Party Petition", Ms. Ball specifically averred as an affirmative defense "that [the] action [was] barred by a release, accord, and satisfaction." Thereafter, in Ms. Ball's Motion to Dismiss the Moodys' Second Amended Third–Party Petition, she stated:

> That the Second Amended Third–Party Petition fails to state a claim upon which relief can be granted, in that the purported claim alleged therein, pursuant to Rule 55.32(a) of the Missouri Rules of Civil Procedure, was a compulsory counterclaim, which was required to have been filed as a counterclaim in a case styled *Sheila Ball, a Minor, by her Natural Mother and Next Friend, Deborah Ball v. Charles Moody and Jean Moody,* filed in the Circuit Court of St. Louis County, bearing Cause No. 526667, but said claim was never so filed, and is now barred in the present cause. As alternative grounds for dismissal, third-party defendant states:

> That the purported claim allegedly stated in the Second Amended Third–Party Petition, pursuant to Rule 55.32(a) of the Missouri Rules of Civil Procedure, was a compulsory counterclaim which was required to have been filed as a counterclaim in a case styled *Sheila Ball, a Minor, by her Natural Mother and Next Friend, Deborah Ball v. Charles Moody and Jean Moody,* filed in the Circuit Court of St. Louis County, bearing Cause No. 526667, but said claim was never so filed, and thus and thereby, this Court lacks jurisdiction of the subject matter of the purported claim of the Second Amended Third–Party Petition.

These pleadings alone show with sufficient clarity that Ms. Ball's claim for personal injury damages against the Moodys was barred in St. Louis City proceeding by the doctrine of res judicata, and was properly dismissed by the trial court.

 The doctrine of res judicata is based on the principle that a party should not be allowed to litigate a claim and then, upon adverse judgment, revive the same cause of action. *See, St. Louis Lodge No. 20 v. Masonic Temple Association,* 692 S.W.2d 837, 839 [1] (Mo.App.1985). In order to invoke the doctrine there typically must be: (1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of the persons or parties to the action; and, (4) an identity of the quality of the person for or against whom the claim is made. *Nelson v. Missouri Division of Family Services,* 688 S.W.2d 28, 30 [3] (Mo.App.1985).

In the present case all of the elements of res judicata were present: (1) There was an identity of the thing sued for—namely damages for personal injuries to Sheila Ball arising out of the February 21, 1984 fire; (2) There was an identity of the cause of action; (3) There was complete identity of the parties—Charles and Jean Moody and Sheila Ball, by and through her Guardian Ad Litem, Deborah A. Ball; and, (4) there was complete identity of the quality of the person both for whom the claim was made—namely Deborah Ball as Guardian Ad Litem for Sheila Ball—and against whom the claim was made—Charles and Jean Moody. Accordingly, we will not allow Ms. Ball to rely on the St. Louis County proceeding as grounds justifying dismissal of the Moodys' claim against her while at the same time denying that its existence and relevancy constitute a bar to her counterclaim.

The order of the court dismissing third party plaintiff's petition against third party

defendant Ball is reversed and remanded; the order dismissing third party defendant's claim against third party plaintiff is affirmed.

SMITH and KELLY, JJ., concur.