**STATE of Missouri, ex rel. Kathleen SHEA, Relator,**

v.

**Toni BOSSOLA, et al., Appellants.**

No. 58784.

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 11, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
March 3, 1992.

Charles R. Oldham, St. Louis, for appellants.

Kathleen A. Gormley, Julian Bush, Patricia Anne Hart, St. Louis, for relator.

CARL R. GAERTNER, Judge.

This action was commenced in the Circuit Court of the City of St. Louis by Kathleen Shea, the Commissioner of the Office of Heritage and Urban Design of the City of St. Louis (H & UD), seeking to prohibit the members of the Civil Service Commission of St. Louis (CSC), from proceeding with the appeal of James H. Praprotnik. Mr. Praprotnik appealed to the CSC from the action of H & UD in permanently laying him off from his civil service employment. The trial court issued its permanent writ of prohibition.[1] CSC appeals, we affirm.

---

1. The writ did not preclude the Commission from further consideration of Mr. Praprotnik's claim of entitlement to sick leave compensation. That issue is not before us.

As gleaned from the pleadings and attached exhibits, this proceeding is a continuation of protracted litigation arising from Mr. Praprotnik's employment by the City of St. Louis. He was hired by the City as an architect in 1968. In 1980, while he was serving as the Director of Urban Design in the Community Development Agency, he successfully appealed from a 15–day suspension ordered by his immediate supervisors. In 1981, he further displeased his supervisors by making public statements concerning the Serra Sculpture. He was thereafter transferred to a new position and assigned comparatively menial duties for which he was grossly overqualified. The CSC denied his appeal of this transfer because he suffered no loss of income. He then filed suit in the United States District Court seeking actual and punitive damages under 42 U.S.C. § 1983. Named as defendants in this federal action were the officers of the Community Development Agency and the City of St. Louis. This suit was pending when, in December, 1983, Mr. Praprotnik was laid off ostensibly because of lack of funds. He immediately filed this appeal to the CSC. He also amended his federal suit by adding a claim for damages alleging the stated reason for his layoff was pretextual and that the real reason was to retaliate for his successful appeal of the earlier suspension. This appeal to the CSC was suspended pending the outcome of the federal litigation. After wending a laborious path through the District court, the United States Court of Appeals, the United States Supreme Court and back again,[2] the federal case was ultimately resolved with a judgment in favor of the defendants therein.

Mr. Praprotnik then sought to activate his appeal to the CSC. This action in prohibition was then instituted.

The trial court issued its permanent writ prohibiting the CSC from proceeding with the appeal, concluding the matter was barred by res judicata and that Mr. Praprotnik was collaterally estopped from relitigating the issue of a pretextual cause for his layoff.

On appeal to this court Mr. Praprotnik argues that prohibition is inappropriate under the facts of this case and that the trial court erred in concluding his appeal was barred by res judicata and collateral estoppel.

 The doctrine of res judicata is based on a principle that a party should not be allowed to litigate a claim and then, after an adverse judgment, seek to relitigate the identical claim in a second proceeding. *Moody v. Ball*, 753 S.W.2d 590, 597 (Mo.App.1988). Historically, res judicata and collateral estoppel may well have developed from a common origin. *See, Barkley v. Carter County State Bank*, 791 S.W.2d 906, 910, n. 4. (1990). However, the modern distinction between the kindred doctrines is now well established. Res judicata is commonly referred to as claim preclusion, and operates as a bar to the reassertion of a cause of action which has previously been adjudicated in a proceeding between the same parties or those in privity with the parties. Collateral estoppel, issue preclusion, precludes the same parties or those in privity from relitigating issues which have been previously litigated. *Barkley*, 791 S.W.2d at 911 (quoting from *American Polled Hereford v. City of Kansas City*, 626 S.W.2d 237, 241 (Mo.1982)). It has been said that the phrase "cause of action" for res judicata purposes "does not refer to the *form* of action in which the claim is asserted, but to the *cause for* action, i.e., the underlying facts combined with the law giving the party a *right* to a remedy of one form or another based thereon." *Barkley*, 791 S.W.2d at 912 (emphasis in original) (quoting *Grue v. Hensley*, 357 Mo. 592, 210 S.W.2d 7, 10 (1948)). In his federal action and in his appeal to the CSC, Mr. Praprotnik's "cause for" action is identical: he claims a right to a remedy of damages for loss of wages based upon his allegedly wrongful layoff. That one action was predicated upon an alleged violation of

2. *Praprotnik v. City of St. Louis,* 798 F.2d 1168 (8th Cir.1986); *City of St. Louis v. Praprotnik,* 485 U.S. 112, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988); *Praprotnik v. City of St. Louis,* 879 F.2d 1573 (8th Cir.1989).

a statute, 42 U.S.C. § 1983, and the other action was based upon a provision of the City charter does not alter the fact that his claim and the transaction from which it arose are identical. "Separate legal theories are not to be considered as separate claims, even if the 'several legal theories depend upon different shadings of the facts, or would emphasize different elements of the facts, or would call for different measures of liability or different kinds of relief.'" *Siesta Manor, Inc. v. Community Federal Savings & Loan Assn.*, 716 S.W.2d 835, 839 (Mo.App.1986) (quoting Restatement (Second) of Judgments § 24 Comment c (1982)).

When he was permanently laid off in 1983, Mr. Praprotnik was aware of two potential avenues by which he could seek relief from what he obviously considered to be wrongful action by the City and its agents. He started down both avenues by adding a claim for wrongful discharge to his then pending federal action and by appealing his discharge to the CSC. He elected to proceed with the federal action and pursued it to its ultimate conclusion. Having opted to take his adversaries down one path he may not now disregard the consequences of his own choice and compel them to follow him down the other. It is of no import that the legal theory and the quantum of proof in a federal action are different and perhaps more onerous than those required in an appeal to the CSC. When a party pursues one theory to judgment, res judicata extinguishes "all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose." Restatement (Second) of Judgments § 24 (1982), *cited in King General Contractors, Inc. v. Reorganized Church of Jesus Christ of Latter Day Saints*, 821 S.W.2d 495, 502 (Mo. banc 1991).

The trial court correctly ruled that Mr. Praprotnik's appeal is precluded under the doctrine of res judicata. Accordingly, it is not necessary for us to address the issue of collateral estoppel.

We reject Mr. Praprotnik's argument that the extraordinary remedy of prohibition is inappropriate under the facts of this case. Boards, agencies, and commissions which exercise quasi-judicial functions, like the CSC, may be restrained from acting in excess of their jurisdiction by means of a writ of prohibition. *Missouri Pacific Railroad Co. v. Missouri Commission on Human Rights*, 606 S.W.2d 496, 503 (Mo.App.1980); *See, Blackwell v. City of St. Louis*, 778 S.W.2d 711, 718 (Mo.App. 1989) *cert.* denied, 494 U.S. 1067, 110 S.Ct. 1784, 108 L.Ed.2d 786 (1990) (CSC performs a quasi-judicial function). An attempt to exercise jurisdiction in a case barred under the doctrine of res judicata is subject to restraint by means of a writ of prohibition. *State ex rel. Hamilton v. Dalton*, 652 S.W.2d 237, 239 (Mo.App.1983). The trial court did not exceed its jurisdiction in issuing a permanent writ of prohibition.

The judgment of the trial court is affirmed.

SMITH, P.J., and SATZ, J., concur.