**STATE of Missouri ex rel. STATE OF ILLINOIS and Mary Alford, et al., Plaintiffs/Appellants,**

v.

**Lamont JONES, Defendant/Respondent.**

No. 68516.

Missouri Court of Appeals, Eastern District, Division Two.

April 9, 1996.

---

3. In certain instances, a court may treat a motion to dismiss as a motion for summary judgment. *See Y.G. v. Jewish Hospital of St. Louis,* 795 S.W.2d 488, 494 (Mo.App.1990).

CRAHAN, Presiding Judge.

The State of Illinois, acting on behalf of Mary Alford ("Mother"), brought an action against respondent, Lamont Jones ("Jones") under the Uniform Reciprocal Enforcement of Support Act, §§ 454.010–.360 RSMo 1994[1], ("URESA"), alleging that Jones was the father of Mother's minor child, P.A. ("Child") and seeking support for Child from Jones. The action was transferred to Missouri, where Jones resides, as responding state.

Jones filed a motion to dismiss alleging that Plaintiffs failed to comply with the pleading requirements of the Uniform Parentage Act, §§ 210.817–.852 ("UPA") and, specifically, that Plaintiffs had failed to join Child as a necessary party to the action as required by § 210.830. The trial court agreed with Jones but denied the motion while granting Plaintiffs leave to amend the petition so as to conform with the UPA. When the petition was not so amended, the trial court issued an order dismissing the cause without prejudice. Plaintiffs appeal.

■ Taken with the case is Jones' motion to dismiss the appeal. Jones contends this court lacks jurisdiction because the trial court's dismissal was without prejudice and therefore not a final judgment. The general rule is that a dismissal without prejudice is not a final judgment. *Siampos v. Blue Cross and Blue Shield,* 870 S.W.2d 499, 501 (Mo. App.1994). There are exceptions. In some circumstances, a dismissal without prejudice may preclude the party from refiling the action for the same cause and may be res judicata of what the judgment actually decided. *Douglas v. Thompson,* 286 S.W.2d 833, 834 (Mo.1956). For example, when a petition is dismissed without prejudice for failure to state a claim and the party elects not to plead further, this amounts to a determination that the plaintiff has no cause of action. See, *e.g., Mahoney v. Doerhoff Surgical Services,* 807 S.W.2d 503, 506 (Mo. banc 1991). This therefore is an adjudication on the merits and may be appealed. *Id.*

■ In the instant action the trial court's dismissal had a similar effect. The trial court ruled in effect that unless Child was

Orval E. Jones, Jefferson City, Dawn Bray Purgahn, Clayton, for appellants.

Alan W. Cohen, St. Louis, for respondent.

1. Unless otherwise noted, all further statutory references are to RSMo1994.

joined as a party, Plaintiffs had no action against Jones. This effectively prevents Plaintiffs from refiling the action in its original form or challenging the trial court's interpretation of URESA. Therefore, the dismissal amounts to an adjudication on the merits and may be appealed.

Plaintiffs' only point on appeal alleges that the trial court erred in finding Child to be an essential party to this action. This issue was decided by this court in *State of Missouri ex. rel. State of Illinois and Sherry Lowery v. Schaumann,* 918 S.W.2d 393 (Mo. App.1996), and need not be revisited here. The minor child is not a necessary party to an adjudication of paternity in a URESA action. *Id.* at 396. For the foregoing reasons, the judgment of the trial court is reversed and the cause is remanded for reinstatement of the petition and for further proceedings consistent with this opinion.

CRANDALL and DOWD, JJ., concur.