Carol Kay BACHMAN,
Plaintiff/Appellant,

v.

William George BACHMAN, Sr.,
Defendant/Respondent,

Elaine C. Bachman, Individually,
Defendant/Respondent,

Elaine C. Bachman, Statutory Trustee
of Elaine C. Bachman, P.C., a forfeit-
ed Missouri Professional Corporation,
Defendant/Respondent.

No. 74591.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 9, 1999.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 5, 1999.

Case Transferred to Supreme Court
June 29, 1999.

Case Retransferred to Court of
Appeals Aug. 24, 1999.

Original Opinion Reinstated
Sept. 1, 1999.

Theodore S. Schechter, Michael L.
Schechter, Joseph M. Taylor, The Schecht-
er Law Firm, P.C., Clayton, for appellant.

Merle L. Silverstein, Rosenblum, Goldenhersh, Silverstein & Zafft, Clayton, for respondent William George Bachman, Sr.

W. Dudley McCarter, Christopher L. Kanzler, Behr, Mantovani McCarter & Potter, P.C., St. Louis, for respondents Elaine C. Bachman and Elaine C. Bachman, Statutory Trustee.

KATHIANNE KNAUP CRANE, Judge.

After her petition was dismissed without prejudice for failure to state a claim, plaintiff filed virtually the identical petition in a new action under a new case number. The trial court dismissed the new action with prejudice on the grounds that the prior dismissal was res judicata. Plaintiff appeals on the grounds that a dismissal without prejudice is not res judicata of an action which is refiled. We affirm for the reason that the issue of whether the allegations contained in the first petition stated a cause of action had been litigated and determined in the first action and was therefore conclusive in a subsequent action between the parties.

*Background Litigation*

The marriage of plaintiff, Carol Kay Bachman, and defendant, George Bachman, was dissolved on September 27, 1994. Defendant, Elaine Bachman, was George Bachman's attorney during the dissolution action. George Bachman, represented by Elaine Bachman, filed an action against plaintiff on October 4, 1995 seeking damages and injunctive relief for fraud and deceit alleging that plaintiff had failed to disclose in the dissolution action the existence of certain assets. George Bachman eventually dismissed his fraud action without prejudice.

*First Action*

On July 1, 1997, plaintiff filed a petition in Cause No. 97CC–002089 seeking damages for malicious prosecution, maliciously procuring issuance of a subpoena, abuse of process, invasion of privacy, and civil conspiracy against defendants. (the "first ac-

tion") Defendants filed separate motions to dismiss this petition for failure to state a claim upon which relief could be granted. The trial court sustained the motions to dismiss and granted plaintiff thirty days to replead. Plaintiff filed an amended petition. The petition was 63 pages long and contained 208 allegations in 22 counts. Defendants again filed separate motions to dismiss for failure to state a claim upon which relief could be granted. On December 17, 1997, the trial court sustained defendants' motions and dismissed the cause without prejudice.

*Second Action*

On February 17, 1998, plaintiff filed virtually the same petition in a new action, Cause No. 98CC–000514, again seeking damages against defendants for malicious prosecution, maliciously procuring issuance of a subpoena, abuse of process, invasion of privacy, and civil conspiracy. (the "second action") The only change was the addition of one phrase to paragraph 67 of count five: "because said records were released to Defendants." Defendants filed separate motions to dismiss on the grounds that the petition failed to state a claim upon which relief could be granted, that the sufficiency of the petition had previously been decided, and the matter was foreclosed by the doctrine of res judicata. The trial court sustained defendants' motions to dismiss and dismissed the petition with prejudice on grounds that the previous decision was res judicata.

## DISCUSSION

For her only point on appeal, plaintiff contends that the trial court erred in dismissing her petition in the second action with prejudice on the grounds that it was barred by the doctrine of res judicata. Plaintiff contends that Missouri rules, statutes, and case law "allow a party to refile an action without any res judicata effect where the previous cause of action was dismissed without prejudice." We disagree.

■ Principles of issue preclusion dictate that, even when a court has dismissed a case without prejudice, an issue specifically and necessarily decided by that court is final and may not be relitigated in a second action brought in a court of concurrent jurisdiction. This is a form of issue preclusion sometimes referred to as "direct estoppel." *See* RESTATEMENT (SECOND) OF JUDGMENTS Section 27 cmt. b (1982); RESTATEMENT OF JUDGMENTS Sections 49 cmt. b and 50 cmt. d (1942). Direct estoppel prevents a plaintiff from relitigating issues actually litigated and determined in the first action when a second action is brought on the same claim. *Id.*[1]

■ This rule applies to dismissals on grounds which do not wholly preclude the right to maintain the action. It most commonly applies to dismissals based on procedural grounds. RESTATEMENT OF JUDGMENTS Section 49 (1942); *Healy v. Atchison, T. & S.F.R. Co.*, 287 S.W.2d 813, 816 (Mo.1956); *Douglas v. Thompson*, 286 S.W.2d 833, 834 (Mo.1956). *See also Mahoney v. Doerhoff Surgical Services, Inc.*, 807 S.W.2d 503, 506 (Mo. banc 1991) and *Chromalloy American Corp. v. Elyria Foundry Co.*, 955 S.W.2d 1, 3–4 (Mo. banc 1997) in which the court discussed this rule in the context of appealability. The rule also applies to dismissals for failure to state a claim. RESTATEMENT (SECOND) OF JUDGMENTS Section 19 cmt. d (1982); RESTATEMENT JUDGMENTS Section 50 (1942). The dismissal without prejudice for failure to state a claim effectively prevents a plaintiff from refiling the action in its original form. *State ex rel. State of Ill. v. Jones*, 920 S.W.2d 116, 117 (Mo.App.1996).

These Missouri cases hold that a dismissal without prejudice may be "res judicata" of what the judgment actually decided. *Chromalloy*, 955 S.W.2d at 3; *Mahoney*, 807 S.W.2d at 506; *Douglas*, 286 S.W.2d at 834; *Jones*, 920 S.W.2d at 117. This is "res judicata" used in its broad sense, referring to both issue preclusion and claim preclusion, as expressed in the following rule:

"[A]n existing final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of causes of action and of facts or issues thereby litigated, as to the parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction."

*Civic Plaza Nat. Bank of Kansas City v. University Nursing Home, Inc.*, 504 S.W.2d 193, 199 (Mo.App.1973) (quoting 46 Am.Jur.2d, Judgments, Section 394). In this sense res judicata encompasses such terms as merger, bar, collateral and direct estoppel and estoppel by judgment. *Id.*[2]

■ The dismissal of a petition for failure to state a claim, without prejudice, does not preclude a plaintiff from reasserting the claim on new factual allegations. *See Mahoney*, 807 S.W.2d at 506; *Jones*, 920 S.W.2d at 117; *Downey v. Mitchell*, 835 S.W.2d 554, 555 (Mo.App.1992). This is because no determination has been made that plaintiff has no cause of action and the claim itself has not been dismissed. The rule is consistent with Rule

---

1. "Direct estoppel" differs from the more commonly known "collateral estoppel" in that direct estoppel applies where the subsequent claim is the same and collateral estoppel applies where the subsequent claim is not the same. RESTATEMENT (SECOND) OF JUDGMENTS Section 27 cmt. b (1982).

2. Res judicata is also used by Missouri courts in its more limited sense to refer only to claim preclusion which "operates as a bar to the reassertion of a cause of action which has previously been adjudicated in a proceeding between the same parties or those in privity with the parties." *State ex rel. Shea v. Bossola*, 827 S.W.2d 722, 723 (Mo.App.1992). As so used, "cause of action" does not refer to the form of action in which the claim is asserted but to the underlying facts combined with the law which give a party a right to a remedy of one form or another based thereon. *Id.*

The United States Supreme Court has also used the terms both broadly and narrowly. See discussion in *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 77 n. 1, 104 S.Ct. 892, 894 n. 1, 79 L.Ed.2d 56 (1984).

67.01 which permits a party to bring another civil action for the same cause that has been dismissed without prejudice unless the civil action is otherwise barred. Rule 67.01 does not, however, permit refiling of a petition previously determined not to state a claim.

The preclusive effect of direct estoppel explains why a plaintiff may appeal the dismissal of a petition without prejudice if the plaintiff has elected to stand on the dismissed petition and not to plead further. *Nicholson v. Nicholson,* 685 S.W.2d 588, 589 (Mo.App.1985). In that situation, the dismissal is considered a final judgment for purposes of appeal. *Mahoney,* 807 S.W.2d at 506; *Jones,* 920 S.W.2d at 117; *Nicholson,* 685 S.W.2d at 589.

■ In this case, the court sustained defendants' motions to dismiss and dismissed the cause without prejudice. Because it did not set out the basis for the dismissal, we presume that the dismissal is based on the grounds stated in the motions to dismiss. *Shaver v. Shaver,* 913 S.W.2d 443, 444 (Mo.App.1996). Defendants' motions to dismiss were based on the ground that plaintiff's petition failed to state a claim upon which relief could be granted. Plaintiff refiled virtually the identical petition in the second action, adding only one phrase to one of 208 allegations, a difference which lacks substantive significance. In the first action the court based its judgment of dismissal without prejudice on the grounds that these allegations did not state a claim for relief. This determination bars another trial court from redetermining this issue in a second identical action. Because the petition in the second action was in all material respects the identical petition which was previously dismissed for failure to state a claim, the trial court did not err in dismissing it on the grounds that it was barred by the principles of res judicata, as used in its broad sense.

The judgment of the trial court is affirmed.

PAUL J. SIMON, P.J. and
LAWRENCE E. MOONEY, J., concur.