# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-1966

_____

Janice Duffner,

*Plaintiff - Appellant,*

v.

City of St. Peters, Missouri, a municipality and political subdivision of the State of Missouri,

*Defendant - Appellee.*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: January 16, 2019
Filed: July 18, 2019

_____

Before SMITH, Chief Judge, COLLOTON and ERICKSON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Janice Duffner, along with her late husband Carl, sued the City of St. Peters, Missouri, to challenge a city ordinance that requires at least fifty percent of their residential yard to contain turf grass. The district court dismissed the lawsuit, ruling that the Duffners failed to show that the ordinance violated the Due Process Clause of the Fourteenth Amendment or the Eighth Amendment's prohibition against

excessive fines and penalties. The Duffners appealed, and we affirm the dismissal of the substantive due process claim on the alternative ground that it is barred by *res judicata*. We conclude that the Eighth Amendment claim is not ripe for adjudication, so we remand that claim with directions to dismiss it for lack of jurisdiction.[1]

In 2002, the Duffners purchased a residential property in St. Peters. Soon after their purchase, the Duffners converted their yard into a garden of flowers and ornamental greenery. Six years later, the City enacted an ordinance requiring, among other things, that turf grass cover at least half the area of a residential yard. Violation of the ordinance is a misdemeanor punishable by a fine of ten to two hundred fifty dollars, ten days' imprisonment, or both, for each day that the violation continues.

In 2014, a city official sent the Duffners a letter, notifying them that their lawn apparently did not comply with the turf grass ordinance. The Duffners applied for a variance to exempt their property from compliance. The City granted a partial variance that would require the Duffners to plant at least five percent of their property with turf grass, and notified the Duffners they were required to comply with the variance by December 1, 2014. The Duffners declined to comply.

The Duffners sued the City in state court, alleging that the ordinance violated the Fourteenth Amendment and provisions of Missouri state law. The circuit court dismissed the petition without prejudice, ruling that it lacked jurisdiction because the Duffners failed to exhaust their administrative remedies. The Duffners appealed. The Missouri Court of Appeals ruled that the circuit court mistakenly dismissed the substantive due process claim for lack of jurisdiction, but affirmed the dismissal on the alternative ground that the complaint failed to state a claim because it did not

---

[1]The notice of appeal was filed by Carl and Janice Duffner. On January 2, 2019, counsel notified the court that Carl Duffner had died. Janice Duffner continues this action as the sole appellant.

allege action by the City that was "truly irrational." *Duffner v. City of St. Peters*, 482 S.W.3d 811, 822-23 (Mo. Ct. App. 2016). The court remanded the remaining claims to the circuit court. On remand, the Duffners moved to amend their petition to add new federal claims and "to more clearly state the facts and legal principles applicable to this matter." But the court denied their motion as untimely, and the Duffners voluntarily dismissed their petition.

The Duffners later sued the City in the federal district court, filing a five-count complaint that alleged a substantive due process claim, an Eighth Amendment claim, and several state-law claims. The City moved for summary judgment on all counts, and the district court granted the motion. The court ruled that the substantive due process claim was not barred by *res judicata*, but granted summary judgment for the City on the merits of the Duffners' facial and as-applied challenges to the ordinance. The court also dismissed the Duffners' Eighth Amendment claim on the ground that the ordinance's penalty provision was not an excessive fine or otherwise contrary to the Eighth Amendment. The court declined to exercise supplemental jurisdiction over the remaining state-law claims. The Duffners appealed, and we review the district court's grant of summary judgment *de novo*. We may affirm on any ground supported by the record. *Woodworth v. Hulshof*, 891 F.3d 1083, 1088 (8th Cir. 2018).

We first address Duffner's substantive due process claim. The City contends that *res judicata*, or claim preclusion, bars Duffner from filing the same claim that was already dismissed in Missouri state court. To determine whether Duffner's claim is barred by *res judicata*, we look to the law of Missouri, the forum that rendered the first judgment. *See C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 764 (8th Cir. 2012). Under Missouri law, principles of *res judicata* bar a claim if "a final judgment on the merits has been rendered involving the same claim sought to be precluded in the cause in question." *Brown v. Simmons*, 335 S.W.3d 481, 485 (Mo. Ct. App. 2010). "The dismissal of a petition for failure to state a claim, without

-3-

prejudice, does not preclude a plaintiff from reasserting the claim *on new factual allegations*." *Bachman v. Bachman*, 997 S.W.2d 23, 25 (Mo. Ct. App. 1999) (emphasis added). But Missouri law "does not . . . permit refiling of a petition previously determined not to state a claim." *Id.* at 26. In other words, a judgment of dismissal for failure to state a claim, even without prejudice, bars another trial court from considering a subsequent petition when "the petition in the second action was in all material respects the identical petition which was previously dismissed for failure to state a claim." *Id.*

Duffner contends that *res judicata* does not bar her substantive due process claim because the decision of the state court of appeals affirmed a dismissal without prejudice, and the Duffners attempted to amend their petition during the state court proceeding. To be sure, when a plaintiff suffers a dismissal without prejudice and then elects *not* to plead further, the dismissal amounts to an adjudication on the merits and precludes relitigation of the claim that was dismissed. *Mahoney v. Doerhoff Surgical Servs., Inc.*, 807 S.W.2d 503, 506 (Mo. 1991). But electing to plead further does not necessarily avoid preclusion: even when a dismissal is without prejudice, "the doctrine of res judicata precludes a plaintiff from re-filing a petition that was dismissed for failing to state a claim when it relies on the same substantial facts as those previously alleged." *Dunn v. Bd. of Curators of the Univ. of Mo.*, 413 S.W.3d 375, 377 (Mo. Ct. App. 2013); *see Bachman*, 997 S.W.2d at 25-26. Duffner's unsuccessful attempt to amend her pleadings in state court, therefore, does not avoid the bar of *res judicata* if her claim in federal court merely repackages the same petition that was previously dismissed in state court for failure to state a claim.

Duffner argues that the federal court complaint "added dozens of additional allegations to provide a factual basis" that the ordinance is truly irrational, but a comparison of the state court petition and the federal court complaint does not bear out this assertion. The "additional allegations" that Duffner cites either recharacterize previously alleged facts, state or explain legal conclusions, or provide facts irrelevant

to the substantive due process claim. The only new and pertinent factual allegation is that a city official "stated as part of 'the City's position' in regard to the Duffners' request for a total exemption from the requirements of the Turf Grass Mandate that the Duffners' plants are 'very attractive and well kept,' and that 'there is a lot of ground cover which is low to the ground and, therefore, gives an appearance, height, and scale that is similar to grass.'" But this allegation does not make the complaint materially different from the state court petition. There, the Duffners pleaded that their lawn was a "well-tended garden full of flowers and ornamental greenery" that "gives an appearance, height, and scale similar to grass." The additional assertion that a city official agreed with these facts is "a difference which lacks substantive significance." *Bachman*, 997 S.W.2d at 26. The substantive due process claim raised in federal court is therefore barred by *res judicata*.

Duffner argues alternatively that if the court does not declare the turf grass requirement unconstitutional, then the ordinance's penalty provision violates the Eighth Amendment's prohibition against excessive fines and cruel and unusual punishments. The City argues that this claim is not ripe for review because no fines or penalties have been assessed against Duffner.

To determine whether a claim is ripe for judicial review, we evaluate "(1) the fitness of the issues for judicial decision and (2) the hardship to the parties of withholding court consideration." *Nat'l Park Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 808 (2003). In *United States v. Williams*, 128 F.3d 1239 (8th Cir. 1997), this court held that a prisoner's Eighth Amendment challenge to a restitution statute was not ripe, because he did not assert that he had suffered or was about to suffer the disputed punishment—*i.e.*, imprisonment for nonpayment of restitution obligations. *Id.* at 1242. *Williams* relied on *Cheffer v. Reno*, 55 F.3d 1517 (11th Cir. 1995), which opined that "Eighth Amendment challenges are generally not ripe until the imposition, or immediately impending imposition, of a challenged punishment or fine." *Id.* at 1523.

Because it is unknown whether the City will impose sanctions on Duffner or, if sanctions are imposed, what they might be, Duffner cannot establish that her Eighth Amendment claim is "fit" for judicial decision. The City previously threatened that Duffner's failure to comply with the variance by December 16, 2016, would "result in a summons to court." But over two years later, there is no record that any summons has issued, and it is not clear whether the City will actually assess a penalty for noncompliance that occurred before the conclusion of this litigation. If the City does proceed against Duffner for violating the turf grass ordinance, then the law prescribes a range of possible sanctions, and the merits of an Eighth Amendment claim would depend on the specific penalties, if any, that are imposed. This case would thus "benefit from further factual development" before the court attempts to resolve Duffner's constitutional claim. *Iowa League of Cities v. EPA*, 711 F.3d 844, 867 (8th Cir. 2013) (quoting *Pub. Water Supply Dist. No. 10 v. City of Peculiar*, 345 F.3d 570, 573 (8th Cir. 2003)). The potential hardship to Duffner here is not sufficient reason to engage in otherwise premature judicial review. The City should be in a position to determine promptly whether it will seek any sanction against Duffner, and Duffner will have an opportunity for judicial review of any penalty imposed. We thus conclude that Duffner's Eighth Amendment claim is not ripe for review.

We affirm the district court's dismissal of Duffner's substantive due process claim, but conclude that the district court was without jurisdiction to dismiss Duffner's Eighth Amendment claim on the merits. We remand the case with instructions to modify the judgment to dismiss Duffner's Eighth Amendment claim for lack of jurisdiction. *See Public Water Supply Dist. No. 10*, 345 F.3d at 574.

_____