# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 21-2206

———————————————

Cornice & Rose International, LLC

*Plaintiff - Appellant*

v.

Jon Richard Herbrechtsmeyer; Gene A. Hall; Kurt Herbrechtsmeyer; Mark Miller; Diane Wolfe; Michael Doe; First Security Bank & Trust Co.

*Defendants - Appellees*

——————————

Appeal from United States District Court
for the Northern District of Iowa - Western

——————————

Submitted: November 8, 2021
Filed: November 12, 2021
[Unpublished]

——————————

Before LOKEN, GRUENDER, and ERICKSON, Circuit Judges.

——————————

PER CURIAM.

Illinois corporation Cornice & Rose International appeals the district court's[1] adverse grant of summary judgment in its diversity action raising claims under Iowa

_____

[1]The Honorable Kelly K.E. Mahoney, United States Magistrate Judge for the Northern District of Iowa, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

state law for intentional interference with contract, *see Gibson v. ITT Hartford Ins.*, 621 N.W.2d 388, 399 (Iowa 2001), and malicious interference with business advantage, *see Farmers Coop. Elevator, Inc. v. State Bank*, 236 N.W.2d 674, 679 (Iowa 1975). On the intentional interference with contract claim, the district court granted summary judgment for the defendants because it concluded that the plaintiff did not provide evidence of a contract between itself and the third party. However, "[w]e may affirm on any ground supported by the record." *Duffner v. City of St. Peters*, 930 F.3d 973, 976 (8th Cir. 2019). We conclude that the district court did not err in granting summary judgment for the defendants because there is no genuine dispute of material fact regarding whether the defendants improperly interfered with the contract. *See Johnson v. Blaukat*, 453 F.3d 1108, 1112 (8th Cir. 2006) (reviewing grant of summary judgment *de novo*); *Berger v. Cas' Feed Store, Inc.*, 543 N.W.2d 597, 599 (Iowa 1996) (stating that one element of a claim for intentional interference with a contract is "[t]he defendant intentionally and improperly interfered with the contract"). The record shows that the defendants were acting in their financial interests when exercising their legal right to refuse to extend the loan because the proposals to finance the remaining construction were not financially beneficial to the defendants. *See id.* ("[A] party does not improperly interfere with another's contract by exercising its own legal rights in protection of its own financial interests.") As to the malicious interference with business advantage claim, we also conclude that the district court did not err in granting summary judgment for the defendants. Accordingly, we affirm. *See* 8th Cir. R. 47B.

_____