**Jerry D. CHRISMAN, Movant–
Appellant,**

v.

**STATE of Missouri, Respondent–
Respondent.**

**No. SD 29421.**

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 16, 2009.

Matthew Ward, Columbia, MO, for Appellant.

Chris Koster, Atty. General, Karen L. Kramer, Jefferson City, MO, for Respondent.

NANCY STEFFEN RAHMEYER, Judge.

On March 14, 2006, Jerry D. Chrisman ("Movant") was sentenced to concurrent prison terms of twenty-five, fifteen, and seven years after pleading guilty to one count and entering *Alford* pleas [1] to eleven additional counts of related criminal violations. Movant filed a motion for post-conviction relief under Rule 24.035,[2] alleging that the prosecutor vindictively prosecuted him after his previous guilty pleas to one count of first-degree statutory rape and one count of stealing, for which he had been sentenced to fifteen years and seven years respectively, were set aside. The motion court denied Movant's motion, which he now appeals. We affirm.

The relevant facts are as follows. On December 8, 2004, the State filed a felony information charging Movant with one count of first-degree statutory rape, one count of sexual exploitation of a minor, one count of promoting prostitution in the first degree, two counts of child abuse, and four counts of promoting a sexual performance. That same day Movant pled guilty to the first-degree statutory rape count and to one count of stealing in an unrelated case after the State dismissed the other charges. On December 15, 2004, Movant filed a motion to withdraw his pleas, and was given a week to think it over. On December 22, 2004, Movant chose to go forward with his guilty pleas, and the court sentenced him to fifteen years for the statutory rape charge and seven years for the stealing charge to be served concurrently.

Noting inaccurate wording in his pleas that resulted in a fifteen-year sentence as opposed to a seven-year sentence, Movant filed a Rule 24.035 motion for post-conviction relief. The State acknowledged the error and offered Movant consecutive seven-year sentences on the statutory rape and stealing charges in exchange for guilty pleas, which Movant rejected. The State then stipulated to Movant's motion to set aside and vacate both sentences and convictions, and on September 20, 2005, the court set them aside and set the case for trial.

On October 17, 2005, Movant filed a motion to have the prosecutor dismissed from the case because he "made this case personal." On November 11, 2005, the State filed an information charging Movant with three counts of first-degree statutory rape (Counts I, II, and III), one count of second-degree statutory rape (Count IV),

1. *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

2. All references to statutes are to RSMo 2000, and all rule references are to Missouri Court Rules (2009), unless otherwise specified.

one count of sexual exploitation of a minor (Count V), one count of promoting prostitution in the first degree (Count VI), two counts of child abuse (Counts VII and VIII), and four counts of promoting a sexual performance (Counts IX, X, XI, and XII). The State offered Movant a plea bargain with a minimum twenty-five-year prison term, which was increased to an offer of a thirty-seven-year term one week before the trial, both of which Movant rejected. On March 7, 2006, the State filed its final amended information, which contained the same charges, additional facts, and an allegation that Movant was a prior and persistent felony offender. On March 14, 2006, Movant pled guilty to Count IV and entered *Alford* pleas to all other counts.

At sentencing, Movant again moved to withdraw all pleas on the basis that he was vindictively prosecuted, which the court denied. The court sentenced Movant to twenty-five-year terms for Counts I, II, and III, a fifteen-year term for Count IV, and seven-year terms for the remaining counts, with all terms running concurrently. The State subsequently filed a *nolle prosequi* on Count V. Movant then filed a Rule 24.035 motion for post-conviction relief alleging that he was vindictively prosecuted, that no factual basis was established in the record for Counts II and III, that the court misadvised him of the punishment ranges for prior and persistent offenders, and that he was denied effective assistance of counsel. The motion court denied Movant's motion, from which he now appeals only on the basis of vindictive prosecution.

■ We review the denial of a Rule 24.035 motion for post-conviction relief to determine whether the findings of fact and conclusions of law were clearly erroneous. *Weeks v. State*, 140 S.W.3d 39, 44 (Mo. banc 2004). Those findings and conclu-

sions are presumed correct and will only be overturned where, after reviewing the entire record, we are left with a definite and firm impression that a mistake has been made. *Schmidt v. State*, 292 S.W.3d 574, 576 (Mo.App. S.D.2009). The motion court determines the credibility of witnesses, and is free to believe or disbelieve the testimony of any witness, including that of the movant. *Watts v. State*, 248 S.W.3d 725, 732 (Mo.App. S.D.2008).

■ A presumption of vindictiveness arises when Movant can demonstrate a realistic likelihood of vindictiveness. *State v. Potts*, 181 S.W.3d 228, 233 (Mo.App. S.D.2005). The likelihood of vindictiveness is determined by weighing the prosecutor's stake in deterring the exercise of the right being asserted and the prosecutor's actual conduct. *Id.* When a realistic likelihood of vindictiveness is found, the State must rebut the presumption by presenting an objective, on-the-record explanation that demonstrates a reason to file enhanced charges other than to punish a defendant for asserting his constitutional rights. *State v. Massey*, 763 S.W.2d 181, 183 (Mo. App. W.D.1988).

■ Here, Movant alleges the prosecutor vindictively prosecuted him for exercising his legal rights by setting aside the prior plea, reviving the prior charges, adding two counts of first-degree statutory rape and one count of second-degree statutory rape, and charging him as a prior and persistent offender. Movant's allegations are without merit. There is no question that the prosecutor acted within his discretion in reviving the nine original charges to return the parties to pre-plea status once Movant had withdrawn his pleas. *See Bolinger v. State*, 703 S.W.2d 25, 28–29 (Mo. App. E.D.1985) (holding that the withdrawal of a guilty plea justified the prosecutor's filing of charges he could have filed originally had it not been for the plea

bargain). The addition of a prior and persistent offender allegation does not raise the presumption of vindictiveness, as the prosecutor could have legitimately forgone charging Movant as a prior and persistent offender as a part of the bargaining process. *State v. Miller,* 981 S.W.2d 623, 629 (Mo.App. W.D.1998). After disposing of those claims, we are left with the question of whether the addition of two first-degree statutory rape charges and one second-degree statutory rape charge raises the presumption of vindictiveness and, if so, whether the State properly rebutted it.

■ Weighing the prosecutor's stake in deterring Movant's motion to withdraw his pleas and the prosecutor's conduct, we do not find a realistic likelihood of vindictiveness. The addition of the three charges occurred at the pre-trial stage, making it much less likely that the prosecutor had an improper motive. *Potts,* 181 S.W.3d at 235. The motion court found the prosecutor's conduct to be within the bounds of prosecutorial discretion. The prosecutor testified at the post-conviction hearing that over the course of his investigation he was able to determine a more precise timeline for the offenses, and that, therefore, the additional charges were justified. The motion court believed this testimony, which it was free to do, and found that such developments did not indicate vindictive intent. We do not question that credibility determination. *Watts,* 248 S.W.3d at 732.

■ While the motion court did not specifically state whether the presumption of vindictiveness applied in this case, the court's belief in the prosecutor's testimony suggests that even if it was triggered, the State rebutted it by providing an objective, on-the-record motive for the additional charges. After reviewing the record, we cannot say that these findings were unreasonable, nor were we left with any impression that a mistake was made. We, there-fore, find no clear error in the motion court's findings of fact and conclusions of law and affirm the judgment.

SCOTT, C.J., LYNCH, P.J., concur.