GARY W. LYNCH, J.
Robert C. Martin ("Movant") appeals the denial of his Rule 29.15[1] post-conviction motion following an evidentiary hearing. On appeal, Movant contends that his trial counsel was ineffective "for failing to object to various statements made by the prosecutor during voir dire" and that "[Movant] proved beyond a preponderance of the evidence ... that the prosecutor penalized [Movant] for exercising his right to trial by filing an amended felony information alleging that [Movant] was a prior and persistent felony offender[.]" Finding no merit in Movant's first claim and that his second claim is not cognizable in this post-conviction proceeding, we affirm the motion court's judgment.
Standard of Review
This court's review of the denial of a Rule 29.15 motion for post-conviction relief is limited to determining whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k); Williams v. State , 168 S.W.3d 433, 439 (Mo. banc 2005). Such findings and conclusions are considered clearly erroneous only if a full review of the record leaves us with "a definite and firm impression that a mistake has been made." Zink v. State , 278 S.W.3d 170, 175 (Mo. banc 2009) (internal quotations omitted). It is incumbent upon the movant in a post-conviction motion to prove his or her claims for relief by a preponderance of the evidence, Rule 29.15(i), and this court presumes that the motion court's findings and conclusions are correct. McLaughlin v. State , 378 S.W.3d 328, 336-37 (Mo. banc 2012). We will defer to the motion court's determinations of credibility, and the motion court is free to believe all, part, or none of the witnesses' testimony. Zink , 278 S.W.3d at 192. Finally, we will affirm the motion court's judgment so long as the motion court arrived at the correct result, regardless of how it got there. Deckard v. State , 110 S.W.3d 891, 894 (Mo.App. 2003).
Procedural Background
In the underlying criminal case, a jury found Movant guilty of burglary in the second degree and two counts of stealing, and the trial court sentenced him to ten concurrent years of imprisonment for each count. See sections 569.170, RSMo 2000, and 570.030, RSMo Cum.Supp. 2011. This court affirmed his convictions on direct appeal. Movant filed a Rule 29.15 motion for post-conviction relief.[2] The motion *342 court held an evidentiary hearing and denied Movant's claim of ineffective assistance of trial counsel for failing to object to certain prosecutor statements made during voir dire because "it challenges reasonable trial strategy" and "[t]here is no probability that but for counsel's performance the jurors would have found Movant not guilty." In denying Movant's claim of prosecutorial vindictiveness in filing an amended information after Movant refused the State's plea offer, the motion court found that Movant had not met his burden of proving his claim by a preponderance of the evidence and there was no credible evidence that Movant was prejudiced. Movant timely appeals.
Discussion
Point One-No Prejudice Shown
Movant's first point relied on contends:
The motion court clearly erred and violated [Movant's] right to due process of law and to effective assistance of counsel as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and Article I, §§ 10, 14, and 18(a), 19 and 22(a) of the Missouri Constitution in denying [Movant's] Rule 29.15 motion for post-conviction relief claim after evidentiary hearing because [Movant] proved by a preponderance of the evidence that he alleged that he was denied his rights to due process of law and effective assistance of counsel as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article I, §§ 10, 14, 18(a), 19, and 22(a) of the Missouri Constitution in that his trial attorney was ineffective for failing to object to various statements made by the prosecutor during voir dire where the prosecutor was arguing the facts of the case. A reasonably competent trial attorney would not have failed to object to such conduct, and [Movant] proved by a preponderance of the evidence that there is a reasonable probability that, but for trial counsel's ineffectiveness, the outcome of his trial would have been different.
In order to prevail on a post-conviction motion alleging ineffective assistance of counsel, a movant must overcome a strong presumption of competence and demonstrate, by a preponderance of the evidence, that (1) counsel did not exercise the customary skill and diligence that a reasonably competent attorney would have exercised under the same or similar circumstances, and (2) counsel's failure to exercise such skill and diligence prejudiced the movant in some way. Strickland v. Washington , 466 U.S. 668, 687, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) ; Anderson v. State , 196 S.W.3d 28, 33 (Mo. banc 2006). To satisfy the performance prong, a movant "must overcome the presumptions that any challenged action was sound trial strategy and that counsel rendered adequate assistance and made all significant decisions in the exercise of professional judgment." State v. Simmons , 955 S.W.2d 729, 746 (Mo. banc 1997). In order to demonstrate the requisite prejudice, *343 a movant must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland , 466 U.S. at 694, 104 S.Ct. 2052. Strickland defines "a reasonable probability" as "a probability sufficient to undermine confidence in the outcome." Id. In reviewing such claims, we are not required to examine both prongs; if a movant fails to satisfy the performance prong, we need not consider the prejudice prong, and vice versa. Strickland , 466 U.S. at 697, 104 S.Ct. 2052 ; State v. Sanders , 738 S.W.2d 856, 857 (Mo. banc 1987).
Movant's brief sets out four statements from the prosecutor's voir dire that he contends were improper:
• "... I'm standing up for a crime victim today, a woman who has lost some of her property and she's asking for some justice to be done."
• "What you're going to hear from though is the testimony of the police officer who investigated this matter and questioned the people involved. You're going to hear from our home owner who lost her property and that's not going to take very long to establish what happened to her house and the things that were taken, but then you're also going to hear from two gentlemen who were-they will testify that they were involved with Mr. Martin and that they helped him carry out this crime. And you're going to get to see them, listen to them and decide for yourselves if they're telling the truth because if you find that they're telling the truth about the essential facts in the case, then it's your duty and-it's your duty as jurors to find him guilty."
• "Now, the property that was taken was never recovered because it evidently-what we believe it ended up in a scrap yard somewhere."
• "The two cohorts you're going to hear from, the fellows who are going to testify that they were involved with helping Mr. Martin do this burglary are a couple of fellows by the name of Tim Sullivan and Russell Shipley. Is there anyone here who has-"
Without any factual or legal analysis, Movant's only proffered support for his claim that he was prejudiced by trial counsel's failure to object to these statements is:
[Movant] proved by a preponderance of the evidence that trial counsel did not act as a reasonably competent [sic] would have acted, and counsel's failure prejudiced [Movant]. But for the prosecutor predisposing the jurors to find [Movant] guilty, there is a reasonable probability that [Movant] would have been found not guilty.
These conclusory statements offer no analytical or legal basis upon which to find prejudice.
The State's brief analyzes each statement for prejudice and concludes that the first and second statements are not prejudicial for the reasons set forth in State v. Six , 805 S.W.2d 159, 170 (Mo. banc 1991), and Foster v. State , 748 S.W.2d 903, 907 (Mo.App. 1988), respectively. The State also contends that the third and fourth statements, taken in context, were proper inquires "into whether the jurors would have trouble returning a verdict where the allegedly stolen property had not been recovered and was thus not available as evidence" and to determine "if any knowledge or relationships that did exist would prevent the prospective jurors from being fair and impartial."
*344 The State's arguments are persuasive.[3] "After review of these statements, we conclude that, even if objectionable, there is no reasonable probability that the outcome of the trial would have been different had there been successful objections." State v. Simmons , 955 S.W.2d 729, 748 (Mo. banc 1997). The motion court's finding that Movant failed to show that he was prejudiced is not clearly erroneous. Movant's first point, therefore, fails without the need to address the performance prong of Movant's claim and is denied. Strickland , 466 U.S. at 697, 104 S.Ct. 2052 ; Sanders , 738 S.W.2d at 857.
Point Two-Claim Not Cognizable
Movant's second point relied on contends:
The motion court clearly erred in denying [Movant's] Rule 29.15 post-conviction motion after an evidentiary hearing, because [Movant] proved beyond a preponderance of the evidence that he was denied his right to due process of law, as guaranteed by the United States Constitutions [sic] Fifth and Fourteenth Amendment, [sic] and the Missouri Constitution, Article I, § 10, in that the prosecutor penalized [Movant] for exercising his right to trial by filing an amended felony information alleging that [Movant] was a prior and persistent felony offender because [Movant] elected to exercise his right to trial and that, but for the prosecutor's vindictiveness, there was a reasonable probability [Movant's] sentencing disposition would have been different.
Before proceeding to trial, the trial court asked whether there were any pretrial matters to discuss. The State noted that it had filed an amended felony information showing Movant's status as a prior and persistent offender and the following colloquy occurred:
THE COURT: Is there any objection to the filing of the amended information?
[TRIAL COUNSEL]: No, Your Honor.
THE COURT: Does your client need to be formally arraigned on the amended information?
[TRIAL COUNSEL]: No, Your Honor.
THE COURT: Any objection to a finding of prior and persistent offender?
[TRIAL COUNSEL]: No, Your Honor.
THE COURT: Court finds the defendant to be a prior and persistent offender.
Following voir dire, the trial court asked whether a plea offer had been made and the State communicated to the court that Movant had been offered five years' imprisonment in the Department of Corrections but had not accepted that plea offer and "has no agreements or understanding with the State at this point." Defendant agreed that the offer had been extended to him and he did not want to accept it.
Movant's post-conviction claim that the prosecutor's conduct in filing the amended information constitutes prosecutorial vindictiveness relies primarily upon Movant's own testimony from his post-conviction evidentiary hearing:
At first he was not giving no [sic] plea bargain deals. Then he come [sic]-we told him we was [sic] taking it to trial and he come [sic] at me with a five-year plea bargain deal if I'd plead guilty to five years in the Department of Corrections and I told him, no, that I was taking it to trial. And he advised my lawyer that if I did take it to trial, that he was going to get me for prior and persistent.
*345 Movant argues that prosecutorial vindictiveness may be presumed here because no physical evidence connected Movant to the crime and thus the prosecutor had a stake in deterring Movant from exercising his right to trial.[4] The State responds that Movant's claim is not cognizable in his Rule 29.15 post-conviction action.[5] We agree with the State.
Rule 29.15 is not a substitute for direct appeal. Claims of trial error will only be considered in a Rule 29.15 motion where fundamental fairness requires, and then, only in rare and exceptional circumstances. Generally, freestanding claims of prosecutorial misconduct raised in a Rule 29.15 pleading are not cognizable if the alleged misconduct was apparent at trial.
McIntosh v. State , 413 S.W.3d 320, 331 (Mo. banc 2013) (emphasis added).
The trial record and Movant's testimony at the evidentiary hearing demonstrate that Movant was well aware at the time the amended information was filed before trial of the previously proffered plea deal and his then status as an uncharged prior and persistent offender. The alleged prosecutorial vindictiveness in filing the amended information, therefore, was known and apparent to Movant at the time the amended information was filed. Movant had the opportunity to timely object to the filing of the amended information on that basis before trial and then, if necessary, raise the issue on direct appeal. Movant chose not to do so. In that context, Movant's claim is not cognizable in his Rule 29.15 post-conviction action. Id . Movant's second point is denied.
Decision
The motion court's judgment is affirmed.
MARY W. SHEFFIELD, P.J.-concurs
DON E. BURRELL, J.-concurs

Rule references are to Missouri Court Rules (2017).

Movant's original and amended motions for post-conviction relief were timely. After affirming Movant's conviction on direct appeal, we issued our mandate on May 1, 2015. Movant prematurely filed a motion for post-conviction relief on March 13, 2014. Counsel was appointed on March 14, 2014. Matthew Huckeby entered his appearance as Movant's counsel on March 28, 2014, was granted an extension of time, and timely filed an amended motion on July 30, 2015. See Rule 29.15(b) and (g); Moore v. State , 458 S.W.3d 822, 825 (Mo. banc 2015) ; see also McKay v. State , 520 S.W.3d 782, 783 (Mo. 2017) ("Where, as here, the initial motion was premature, then a motion timely filed after the entire conviction is affirmed ... should be considered a timely supplement to the initial motion.").

Movant elected not to file a reply brief. Therefore we are without the benefit of whatever argument Movant might have made in response to the State's analysis.

We question, but need not decide, the applicability of this argued presumption. "The addition of a prior and persistent offender allegation does not raise the presumption of vindictiveness, as the prosecutor could have legitimately forgone charging Movant as a prior and persistent offender as a part of the bargaining process." Chrisman v. State , 297 S.W.3d 145, 149 (Mo.App. 2009) (citing State v. Miller , 981 S.W.2d 623, 629 (Mo.App. 1998) ).

See footnote 3.